(September 23, 1920.)

## JAMES F. CALLAHAN, Appellant, v. HELEN ELIZA-BETH CALLAHAN, Respondent.

[192 Pac. 660.]

DIVORCE—FINDINGS—DIVISION OF COMMUNITY PROPERTY—ATTORNEY FEES AND SUIT MONEY—EXPENSE ON APPEAL.

1.  In an action for divorce, on the ground of extreme cruelty, the court should make findings upon every charge of misconduct of that nature on which testimony has been presented. Whether such charges are true or false, a finding thereon is required when community property is to be divided, to enable the court, if a divorce is granted, to make an equitable division thereof.

2.  Where counsel for the wife is responsible for acts of extreme cruelty on her part which might be the basis of a divorce on that ground, the husband is not required to pay for the services of such counsel rendered on her behalf in the case.

3.  In an action for divorce where counsel entered into a stipulation to the effect that the trial court should fix the amount of attorney fees and suit money to be allowed the wife, without expert testimony as to the value of the attorney's services rendered in her behalf, and without evidence of the amount of suit money expended, or for what purpose, other than the filing of a statement by her attorney of the amount so expended, the husband is bound by such stipulation and cannot thereafter be heard to complain, in the absence of a showing that the trial court abused its discretion in making the allowance.

4.  In an action for divorce, where conspiracy is alleged in the cross-complaint, the court need not find on all the various allegations which it is claimed tend to prove the existence of such conspiracy when the court actually finds, as an ultimate fact, that no conspiracy was entered into; and such finding, based on substantially conflicting evidence, will not be disturbed.

5.  The amount of attorney fees and suit money fixed by the court, upon stipulation of counsel in this case, will not be disturbed, except in so far as the matter may be affected by findings

2.  Liability of husband in divorce action for counsel fees incurred by wife, see notes in 15 Ann. Cas. 21; Ann. Cas. 1917A, 689, 702.

hereafter to be made by the district court in regard to the charges of misconduct by respondent with her counsel.

6. The district court may, upon the cause being remanded to it for additional findings, make a new order with respect to the division of the community property, assigning it to the respective parties in such proportions as, from all of the facts heretofore found and to be hereafter found, and the condition of the parties, the court may deem just, as directed by C. S., sec. 4650.

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. Robert N. Dunn, Judge.

Action for divorce. Judgment for plaintiff and order for attorney fees made after judgment. *Reversed and remanded.*

Walter H. Hanson and Donald A. Callahan, for Appellant.

Under the evidence and the findings of fact made by the trial court, the distribution of the community property made by the court was unjust and inequitable. Respondent contributed nothing to the community property, and by her conduct forfeited all right to share in it. (*Leupold v. Leupold,* 164 Iowa, 595, 146 N. W. 55; *Neander v. Neander,* 35 Colo. 495, 84 Pac. 69; *Spaulding v. Spaulding,* 133 Ind. 122, 36 Am. St. 534, 32 N. E. 224; *Conner v. Conner,* 29 Ind. 48; *Spitler v. Spitler,* 108 Ill. 120; *Goldsmith v. Goldsmith,* 6 Mich. 285; *Fivecoat v. Fivecoat,* 32 Iowa, 198; *Ecker v. Ecker,* 22 Okl. 873, 98 Pac. 918, 20 L. R. A., N. S., 421; *Davis v. Davis,* 134 Ga. 804, 20 Ann. Cas. 20, 68 S. E. 594, 30 L. R. A., N. S., 73; *Hickling v. Hickling,* 40 Ill. App. 73; *Beeler v. Beeler,* 19 Ky. Law Rep. 1936, 44 S. W. 136; *Dollins v. Dollins,* 26 Ky. Law Rep. 1036, 83 S. W. 95; *Robards v. Robards,* 33 Ky. Law Rep. 565, 110 S. W. 422; *Wheat v. Owens,* 15 Tex. 241, 65 Am. Dec. 164; *Carroll v. Carroll,* 20 Tex. 731; *Barnett v. Barnett,* 9 N. M. 205, 50 Pac. 337; *Llula's Succession,* 44 La. Ann. 61, 10 So. 406; *Strozynski v. Strozynski,* 97 Cal. 189, 31 Pac. 1130.)

It is the duty of the trial court to make findings upon each and every material issue, arising upon the pleadings, upon which proof is offered and which in any way affects the

judgment entered. (*Berlin Machine Works v. Dehlbom Lumber Co.*, 29 Ida. 494, 160 Pac. 746.)

The findings of fact made by the trial court upon the issues of conspiracy and connivance were sufficient as to the ultimate facts and decisive of all the material issues. (*Hamilton v. Spokane & P. R. R. Co.*, 3 Ida. 164, 28 Pac. 408; *Fouch v. Bates*, 18 Ida. 374, 110 Pac. 265; *Jones v. Vanausdeln*, 28 Ida. 743, 156 Pac. 615; *Caseday v. Lindstrom*, 44 Or. 309, 75 Pac. 222; *San Antonio Traction Co. v. Higdon*, 58 Tex. Civ. 83, 123 S. W. 732.)

The trial court did not err in finding that plaintiff, his attorneys and alleged agents were not guilty of conspiracy. (*Thornton v. Thornton*, 67 N. J. Eq. 499, 58 Atl. 647; *Warn v. Warn*, 59 N. J. Eq. 642, 45 Atl. 916; *Bateman v. Bateman*, 42 App. Cas. (D. C.) 230; *Robbins v. Robbins*, 140 Mass. 528, 54 Am. Rep. 488, 5 N. E. 837; *Wilson v. Wilson*, 154 Mass. 194, 26 Am. St. 237, 28 N. E. 167, 12 L. R. A. 524; *Pettee v. Pettee*, 77 Hun, 595, 28 N. Y. Supp. 1067; *Dilatush v. Dilatush*, 86 N. J. Eq. 346, 98 Atl. 255; *Lehman v. Lehman*, 78 N. J. Eq. 316, 79 Atl. 1060; *Brown v. Brown*, 62 N. J. Eq. 29, 49 Atl. 589; *Reierson v. Reierson*, 32 App. Div. 62, 52 N. Y. Supp. 509; *Leavitt v. Leavitt*, 229 Mass. 196, 118 N. E. 262; *Lambert v. Lambert*, 165 Iowa, 367, 145 N. W. 920; *Farwell v. Farwell*, 47 Mont. 574, Ann. Cas. 1915C, 78, 133 Pac. 958; *Herriford v. Herriford*, 169 Mo. App. 641, 155 S. W. 855.)

Counsel may not, during the progress of a trial, stipulate as to the weight of evidence or as to what the law of the case may be. Any such effort, if made, is not binding upon a litigant, neither will it be recognized by the court. (12 Ency. of Evidence, 99; *San Francisco Lumber Co. v. Bibb*, 139 Cal. 325, 73 Pac. 864; *Breeze v. Haley*, 11 Colo. 351, 18 Pac. 551; *Owen v. Herzihoff*, 2 Cal. App. 622, 84 Pac. 274; 36 Cyc. 1291.)

Harry H. Parsons, Featherstone & Fox and Cannon & Ferris, for Respondent.

Plaintiff was guilty of connivance. (*Morrison v. Morrison*, 142 Mas. 361, 56 Am. Rep. 688, 8 N. E. 59; *Cane v.*

*Cane,* 39 N. J. Eq. 148; *Derby v. Derby,* 21 N. J. Eq. 36; *Hedden v. Hedden,* 21 N. J. Eq. 61; *Noyes v. Noyes,* 194 Mass. 20, 120 Am. St. 517, 10 Ann. Cas. 818, 79 N. E. 814; *White v. White,* 84 N. J. Eq. 512, 95 Atl. 197; *Thornton v. Thornton,* 67 N. J. Eq. 499, 58 Atl. 647; *Donohue v. Donohue,* 159 Mo. App. 610, 141 S. W. 465; *Karger v. Karger,* 19 Misc. Rep. 236, 44 N. Y. Supp. 219; *May v. May,* 108 Iowa 1, 75 Am. St. 202, 78 N. W. 703; *Delaney v. Delaney,* 71 N. J. Eq. 246, 65 Atl. 217.)

Wholesale charges of adultery made by plaintiff, none of which were proven, constitute extreme cruelty. (18 L. R. A., N. S., note 303; 34 L. R. A., N. S., note 360; 9 R. C. L., Divorce, 345.)

Plaintiff's conduct was responsible for conditions. (*Boeck v. Boeck,* 29 Ida. 639, 161 Pac. 576; *Spofford v. Spofford,* 18 Ida. 115, 108 Pac. 1054.)

Plaintiff failed to show he suffered grievous mental suffering. (*Donaldson v. Donaldson,* 31 Ida. 180, 170 Pac. 94.)

BUDGE, J.—In this case there are three appeals; first, by James F. Callahan, plaintiff, referred to in this opinion as appellant, second, by Helen Elizabeth Callahan, defendant, referred to herein as respondent, and third, by plaintiff from an order made by the trial judge for services to be rendered by respondent's attorneys on appeal to this court.

Appellant was granted a divorce on the ground of extreme cruelty and denied a divorce on the ground of adultery. The court failed to find respondent guilty of adultery. The findings in this respect are based on substantially conflicting evidence and will not be disturbed.

Appellant's assignment of error, that the court failed to make findings on charges of misconduct attributed to respondent and her senior counsel, Harry H. Parsons, alleged to have occurred at the Florence Hotel, in Missoula, Montana, June 15, 1916, and on the Northern Pacific Missoula-Wallace train in January, 1917, are meritorious. Without commenting on the nature or character of the misconduct testified to, it is apparent that the failure of the court to find on this

material testimony left the charges so made against respondent and her senior counsel undisposed of. If the charges are true, the conduct was of such nature that it would constitute additional acts of extreme cruelty, and whether true or false, the fact would be important for the trial court to consider in making a division of the community property. Again, if true, Parsons would not be entitled to any compensation for services rendered, which would be chargeable to appellant. Where counsel for the wife is responsible for acts of extreme cruelty on her part which might be the basis of a divorce on that ground, the injured spouse is not to be called on to respond in attorney fees for services rendered by such counsel in the case. The cause, therefore, will be remanded to the trial court with instructions to make findings of fact and conclusions of law on this issue, from the record before it and without taking any additional evidence in the case.

Appellant assigns as error the action of the court in awarding respondent the sum of $50,000 as her share of the community property. Since the cause is being remanded for additional findings on the issue of cruelty above referred to, the trial court may, if it shall see fit, make a new order with respect to the division of the community property, assigning it to the respective parties in such proportions as the court may, from all of the facts heretofore found and to be hereafter found, and the condition of the parties, deem just, as directed by C. S., sec. 4650.

Concerning the assignment that the court erred in awarding respondent attorney fees and suit money, the record discloses that there was a stipulation entered into between the attorneys for the appellant and for the respondent that the trial court should fix the amount of attorney fees and suit money that should be allowed respondent without expert testimony as to the value of the attorneys' services so rendered and without evidence of the amount of suit money expended or for what purpose, other than the filing of a statement by the attorney for respondent of the amount so expended. Appellant is bound by this stipulation and can-

not be heard now to complain, in the absence of a showing that the trial court abused its discretion in making the allowance. If respondent and her senior counsel should be found to be guilty of the acts complained of, and heretofore referred to, the allowance of any attorney fee against appellant and payable by reason of the services of such counsel would be an abuse of discretion. The amount of attorney fees and suit money so fixed by the court in pursuance of this stipulation will not be disturbed, except so far as any attorney fee allowed by reason of services rendered by Harry H. Parsons may be affected by matters already discussed.

Respondent filed a cross-complaint in which she alleged a conspiracy on the part of appellant, his attorneys and detectives, to attempt to procure the commission of adultery by her. The court found that appellant and his attorneys did not enter into any conspiracy. Respondent contends that the court erred in failing to find on the various steps which she claims tend to prove the existence of the conspiracy. The finding of the court is sufficient, as a finding of the ultimate facts, and being based on substantially conflicting evidence, will not be disturbed.

The allowance of attorney fees and expense money on appeal was based on the affidavit of respondent. Appellant filed his affidavit in opposition to the allowance. Neither affiant is an expert or has any knowledge of the value of such services. Since no expert testimony was submitted to the court, there was no evidence before it on which to base its judgment for attorney fees and expenses to be paid by appellant on appeal in this case. The case is, therefore, remanded, with instructions to the trial court to take testimony on this issue in order that it may have competent evidence before it on which to base an order for attorney fees and expenses.

The judgment and order appealed from are reversed, and the cause is remanded with instructions to the trial court to make additional findings and enter judgment in accordance with the views herein expressed, and to take testimony

on the allowance of attorney fees and expenses on appeal and to enter its order with respect thereto.

Morgan, C. J., concurs.

RICE, J., Dissenting.—I am unable to concur in the view that there is prejudicial error in the failure of the trial court to find on the charge of misconduct attributed to respondent and Harry H. Parsons. The issues presented in this respect have reference to specific acts which are alleged to constitute extreme cruelty. Appellant was granted a divorce on the ground of extreme cruelty, and the failure to find in these specific instances could have no effect upon the court so far as the divorce decree is concerned.

As to the allowance of attorney fees for services of Mr. Parsons, I think appellant is bound by the stipulation of his counsel referred to in the principal opinion. That stipulation was entered into at the close of the trial, with full knowledge on the part of counsel of all the evidence in the case. The stipulation was to the effect that upon evidence being submitted as to the extent of the services rendered by attorneys for respondent, the court should fix the amount of attorney fees to be allowed without expert testimony as to the value thereof. Evidence of the services performed by Mr. Parsons was received without objection. In view of the situation, no question as to the propriety of allowing attorney fees to respondent with which to compensate Mr. Parsons for the services rendered by him was submitted to the discretion of the trial court.

Neither do I think it necessary that the court make a specific finding on this issue in order to make a proper division of the community property. The statute, C. S., sec. 4650, provides that where a divorce is granted for adultery or extreme cruelty, the court shall make such assignment of the community property as from all the facts of the case, and the condition of the parties, may be just. No general rule can be announced governing the division of the community property upon granting of a decree of divorce on grounds of

adultery or extreme cruelty. The circumstances of each case must be taken into consideration in order to reach a just conclusion. In order to determine the circumstances and condition of the parties, the court is not confined to its findings upon the issues presented by the pleadings. The entire record should be considered in order to obtain a full comprehension of the circumstances of the case. The considerations which finally control the action of the court in making a division of the community property should not be inconsistent with the facts found. But these considerations are much wider in scope than the findings of the ultimate facts upon issues presented by the pleadings in the divorce action. The trial court had before it and in contemplation all the testimony introduced at the trial, showing the facts and circumstances with reference to the parties and their conduct, and the amount of the community property, as a basis upon which to reach a conclusion as to the proper division thereof.

After a careful examination of the entire record, and a consideration of the conduct of both parties, neither of whom was entirely free from fault, I am satisfied that the trial court did not err in awarding to the respondent $50,000 out of a total community property valued in excess of $600,-000.

I think the judgment of divorce, including the allowance of attorney fees and suit money, and the division of the community property, should be affirmed. I am in accord with the conclusion reached that the order allowing counsel fees and suit money on appeal to this court should be reversed.