(July 21, 1922.)

## JOSEPH PHILLIP ROGERS, Appellant, v. ALICE NETTIE ROGERS, Respondent.

[208 Pac. 234.]

DIVORCE — CORROBORATION — JURISDICTION TO DISPOSE OF PROPERTY RIGHTS.

 1. Where in a divorce action the wife testifies that her husband struck her and inflicted upon her person certain bruises, extrinsic evidence of others to the effect that they had seen bruises upon her person may be corroborative of the testimony or not according to the circumstances disclosed by the evidence. If the examination occurred immediately after the alleged assault and the circumstances show that it is improbable that the bruises were the result of any other cause than that charged by the wife, extrinsic evidence amounts to corroboration.

 2. Where in a divorce action the wife testified that her husband accused her of infidelity, and that he had applied to her vile and abusive epithets, letters written by the husband to the wife, in which he applied to her abusive names and in which he stated that he was practically convinced that he was not the father of her unborn child, are not merely admissions upon the part of the husband. They constitute acts of cruelty and afford corroboration of her testimony.

3. Where a complaint in an action for divorce makes no mention of property rights, and asks no relief with reference thereto, the court has no jurisdiction to include in a decree of divorce a judgment in effect quieting title to real property in one of the parties.

APPEAL from the District Court of the First Judicial District, for Shoshone County. Hon. R. N. Dunn, Judge.

Action for divorce. Judgment for defendant. *Modified.*

Charles L. Heitman, for Appellant.

"A continuous course of fault-finding, threats, and other acts, intended to aggravate and annoy the other party to a marriage, though each act is trifling in itself, may cause such a degree of mental suffering as to constitute a ground for divorce, on the charge of extreme cruelty." (*Mosher v. Mosher,* 16 N. D. 269, 125 Am. St. 654, 113 N. W. 99, 12 L. R. A., N. S., 820.)

The letters of appellant were statements of one of the parties and for that reason inadmissible to corroborate the respondent. (C. S., sec. 2661; *Bell v. Bell,* 15 Ida. 7, 9, 24, 96 Pac. 196; *De Cloedt v. De Cloedt,* 24 Ida. 277, 133 Pac. 664; *Donaldson v. Donaldson,* 31 Ida. 180, 184, 170 Pac. 94.) These letters are not corroborated in a single particular by any outside person, fact or circumstance.

Equity opposes multiplicity of suits and all the matters in controversy are within the jurisdiction of a court of equity. (1 Pomeroy, Eq. Jur., 2d ed. sec. 181; *Wadsworth v. Wadsworth,* 81 Cal. 182, 187, 15 Am. St. 38, 22 Pac. 648.)

Independent of statute, courts of equity, in suits for divorce or separation, have the power of restoring to the wife the whole or a portion of her property. And this too, as well as on a bill filed by the wife as when the husband comes into a court of equity to assert his rights. (*Wadsworth v. Wadsworth, supra; Holmes v. Holmes,* 4 Barb. (N. Y.) 295; *Root v. Root,* 164 Mich. 638, Ann. Cas. 1912B, 740, 130 N. W. 194, 32 L. R. A., N. S., 837.)

"If a wife by fraud and imposition on her husband induces him to transfer property to her for her benefit, a court of equity will afford him relief and compel a reconveyance." (*Johnston v. Johnston*, 54 Kan. 726, 39 Pac. 725; 13 R. C. L., secs. 399, 400; *Fitts v. Fitts*, 14 Tex. 443; *Snodgrass v. Snodgrass*, 40 Kan. 494, 20 Pac. 203; 9 Am. & Eng. Ency. Law, 864.)

James A. Wayne, for Respondent.

The testimony of the party in whose favor a decree of divorce is rendered must be corroborated by some extrinsic evidence. (C. S., sec. 4641; *Bell v. Bell*, 15 Ida. 7, 96 Pac. 196.)

When there is an entire absence of evidence of collusion, a lesser degree and quantity of corroboration is required. (*Broderick v. Broderick*, 40 Cal. App. 550, 181 Pac. 402.)

Or, when the facts and circumstances are such as to preclude any possibility of collusion, only slight corroboration is necessary to sustain a decree. (*Piatt v. Piatt*, 32 Ida. 407, 184 Pac. 470; *Baker v. Baker*, 13 Cal. 87; *Tuttle v. Tuttle*, 21 N. D. 503, Ann. Cas. 1913B, 1, 131 N. W. 460; *Thompson v. Thompson*, 32 N. D. 530, 156 N. W. 492; *Heinmuller v. Heinmuller*, 133 Md. 491, 105 Atl. 745.)

Such corroboration need not be by the testimony of witnesses, but may be drawn from circumstances which lend credence to the testimony of one party, or tend to discredit the testimony of the other party. (*Foote v. Foote*, 71 N. J. Eq. 273, 65 Atl. 205; *Robinson v. Robinson*, 83 N. J. Eq. 150, 9 Atl. 311; *Rogers v. Rogers*, 89 N. J. Eq. 1, 104 Atl. 32; *Carsten v. Carsten*, 90 N. J. Eq. 181, 107 Atl. 45.)

Thus, where the charge is extreme cruelty, and the party testified to physical violence, testimony of other witnesses as to finding marks of violence on the person of such party constitutes sufficient corroboration. (*Roelke v. Roelke*, 103 Wis. 204, 78 N. W. 923.)

Testimony that the husband showed austerity of temper toward the wife, though insufficient in itself to justify a decree, is sufficient corroboration of plaintiff's testimony as

to cruel treatment to sustain a decree. (*Blanchard v. Blanchard,* 10 Cal. App. 203, 101 Pac. 536.)

A letter written by the husband to the wife charging her with adultery is sufficient corroboration of her testimony that he charged her with infidelity. (*Venzke v. Venzke,* 94 Cal. 225, 29 Pac. 499.)

The testimony of plaintiff was not only uncorroborated, but was also insufficient to justify a decree in his favor. (*Benson v. Benson,* 45 Utah, 514, 146 Pac. .564, on the Potter charges; *Barton v. Woodward,* 32 Ida. 375, 182 Pac. 916, 5 A. L. R. 1090, and *Beach v. Beach,* 4 Okl. 359, 46 Pac. 514, 522, on the insanity charge.)

Where a question in regard to the ownership of property is put in issue in a suit for divorce and the divorce is not granted, such issue will not be determined. (*Bell v. Bell,* 15 Ida. 7, 25, 96 Pac. 196; *Uhl v. Uhl,* 52 Cal. 250; *Houston v. Timmerman,* 17 Or. 499, 11 Am. St. 848, 21 Pac. 1037, 4 L. R. A. 716; *Wetmore v. Wetmore,* 40 Or. 332, 67 Pac. 98; *Reed v. Reed,* 70 Neb. 779, 98 N. W. 73; *Hunter v. Hunter,* 88 Neb. 153, 129 N. W. 422; *Peck v. Peck,* 66 Mich. 586, 33 N. W. 893; *Benson v. Benson, supra*; 19 C. J., p. 21; *Redding v. Redding* (N. J. Eq.), 85 Atl. 712; *Bensen v. Bensen,* 20 Cal. App. 462, 129 Pac. 596.)

RICE, C. J.—Appellant commenced an action for divorce on the ground of extreme cruelty. Respondent denied specifically the acts of cruelty alleged in the complaint and filed a cross-complaint for divorce charging extreme cruelty on the part of appellant. The court decreed that appellant take nothing by his action and entered a decree of divorce for respondent and awarded to her the custody of her minor child.

The court committed no error in denying a divorce to appellant and in dismissing his action. There was no corroboration of appellant's evidence of cruelty. Appellant contends that the testimony of respondent in support of her cross-action for divorce also lacks corroboration. She testified that on January 4, 1918, appellant struck her and in-

flicted upon her person certain bruises. Two physicians testified that about that time they examined her and found certain bruises upon her person. Whether such evidence can be considered corroborative depends upon the circumstances disclosed by the evidence. If the examination by the physicians occurred immediately after the alleged assault and the circumstances show that it is improbable that the bruises were the result of any other cause than that charged by the respondent, such evidence would be corroborative. In this case neither physician could locate the exact date of this examination, but each testified that it was about the time stated by respondent. We think the testimony of the physicians was slightly corroborative. (See *Roelke v. Roelke,* 13 Wis. 204, 78 N. W. 923.)

Respondent in her cross-complaint alleged and at the trial testified that appellant had accused her of being unduly intimate with one Potter and expressed his doubt as to the paternity of their child; also that he had applied vile and abusive epithets to her. Two letters from appellant to respondent were introduced in evidence in which he applied to her abusive names and in one of which he expressed doubt as to whether he was the father of her unborn child. He stated that he was practically convinced that he was not its father and felt a certain degree of happiness from the fact. From the record in this case it is apparent that these letters were not written through any collusive arrangement with respondent. They were not merely admissions on the part of appellant. They constituted acts of cruelty, and therefore corroborate her testimony. (*Venzke v. Venzke,* 94 Cal. 225, 29 Pac. 499.)

The evidence as a whole meets the requirements of the statute with reference to corroboration in divorce actions. (*Bell v. Bell,* 15 Ida. 7, 96 Pac. 196; *De Cloedt v. De Cloedt,* 24 Ida. 277, 133 Pac. 664; *Donaldson v. Donaldson,* 31 Ida. 180, 170 Pac. 94; *Piatt v. Piatt,* 32 Ida. 407, 184 Pac. 470.)

The appellant specified as error the action of the trial court in admitting and rejecting certain evidence. None of these specifications is well founded, except one. The ac-

tion of the trial court in permitting respondent to testify as to what she had told her attorney after his employment by her, relative to her suspicions as to the insanity of appellant, is erroneous, but the matter is not of sufficient importance to be prejudicial to appellant and did not affect his substantial rights.

There being sufficient substantial evidence in the record to support the findings of the trial court, and sufficient corroboration to meet the requirements of the statute, the decree of the court granting a divorce to respondent and awarding to her the custody of the minor child will be affirmed. (*Hufton v. Hufton,* 25 Ida. 96, 136 Pac. 605; *Callahan v. Callahan,* 33 Ida. 241, 192 Pac. 660; *Broderick v. Broderick,* 40 Cal. App. 550, 181 Pac. 402.)

Appellant also complains of that portion of the decree which adjudged and decreed the respondent to be the owner as her sole and separate property of certain real estate conveyed to her by appellant after the marriage. Appellant's action having been dismissed the court was not authorized to make any decree relative to property rights based upon his complaint. (*Bell v. Bell, supra.*) Respondent in her crosscomplaint made no mention of property rights and asked no relief with reference thereto. We think the court was without jurisdiction to include in the decree a judgment in effect quieting her title to the property. The court cannot go beyond the issues and pass upon a matter which the parties neither submitted nor intended to submit to its determination. (*Miller v. Prout,* 33 Ida.. 709, 197 Pac. 1023; Black on Judgments, 2d ed., p. 323; *Munday v. Pail,* 34 N. J. L. 418.)

The cause will be remanded, with directions to modify the decree by omitting therefrom the portion adjudging respondent to be the owner of certain real estate,. and as so modified the judgment will be affirmed, each party to pay his own costs on this appeal.

Budge, McCarthy and Lee, JJ., concur.

Dunn, J., being disqualified, did not sit at the hearing or take part in the opinion.