(February 4, 1926.)

JOSEPH PHILIP ROGERS, Appellant, v. ALICE NETTIE ROGERS, Respondent.

[243 Pac. 655.]

DIVORCE—RES ADJUDICATA—QUIETING TITLE—EFFECT OF PLEADINGS—
STATUTE OF LIMITATIONS—FAILURE OF PROOF.

1. Decree in suit for divorce that plaintiff take nothing by his action, and for divorce for defendant on her cross-complaint, is not *res judicata* of right to property, conveyance of which plaintiff sought to set aside in subsequent action, where provision respecting property was eliminated on first appeal.

2. The identical issue must have been raised and determined in a former suit for its decree to be *res judicata* of question raised in subsequent action.

3. Even if answer or cross-complaint of defendant in action to quiet title be extant after dismissal of plaintiff's complaint, title may not be quieted in defendant without proof of her title.

4. Decree erroneously dismissing complaint on the ground of *res judicata*, without allowing plaintiff to introduce evidence, may not be affirmed on the ground of bar of limitations; it

being impossible to apply the statute (C. S., secs. 6596, 6597, 6608, 6611, 6617) to some of the issues raised by the pleadings without evidence relative thereto, of which there was none.

APPEAL from the District Court of the First Judicial District, for Shoshone County. Hon. W. F. McNaughton, Judge.

Action to quiet title. Judgment for respondent. *Reversed and remanded.*

James F. Ailshie, for Appellant.

There was no element of former adjudication shown in this case. (*Rogers v. Rogers,* 35 Ida. 645, 650, 208 Pac. 234.)

In order to have an estoppel by a previous adjudication it is not only necessary that the same subject matter should have been at issue but it is also necessary that it should have been litigated upon the trial and the issue determined by the judgment. (2 Black on Judgments, sec. 617; *Russell v. Place,* 94 U. S. 606, 24 L. ed. 214; *Cromwell v. Sac County,* 94 U. S. 351, 24 L. ed. 195; Freeman on Judgments, sec. 253.)

James A. Wayne, for Respondent.

The case of *Rogers v. Rogers,* 35 Ida. 645, 208 Pac. 234, adjudicated all of the facts and issues presented by the complaint in the present action, and the judgment in that case is a bar to the present action. (*Hilton v. Stewart,* 15 Ida. 150, 128 Am. St. 48, 96 Pac. 579.)

Every right, every fact, and every matter in issue, judicially passed upon in a former action, is *res adjudicata*

Publisher's Note.

1. See 9 R. C. L. 497.
2. See 15 R. C. L. 964.
3. See 5 R. C. L. 673.

See Appeal and Error, 4 C. J., sec. 3128, p. 1135, n. 26.
Divorce, 19 C. J., sec. 442, p. 178, n. 2.
Judgments, 34 C. J., sec. 1325, p. 915, n. 54; p. 920, n. 58.
Quieting Title, 32 Cyc., p. 1375, n. 48.

in a subsequent action, between the same parties involving the same right, fact or matter in issue. (*Neil v. Hyde,* 32 Ida. 576, 186 Pac. 710.)

A judgment in a former action between the same parties constitutes a bar both as to matters which were actually litigated and also as to all matters which might or could have been litigated between such parties in the former suit. (*Cromwell v. Sac County,* 94 U. S. 351, 24 L. ed. 195; *Carr v. Carr Co.,* 39 Cal. App. 53, 177 Pac. 856; *Allen v. Allen,* 159 Cal. 197, 113 Pac. 160.)

GIVENS, J.—Appellant previously brought an action for divorce and to cancel certain deeds given by him to his wife; the wife resisted such action and affirmatively set up a cause of action for divorce. The court denied appellant any relief, granted the wife a divorce and decreed the property covered by the deeds in question to the wife. On appeal, *Rogers v. Rogers,* 35 Ida. 645, 208 Pac. 234, the decree was modified on the ground that the wife had not asked that the property rights be settled and therefore the lower court was without jurisdiction to pass upon the same.

Appellant then brought this action to cancel the same conveyances above referred to, to restore the property to him and to quiet his title thereto.

Respondent answered and filed a cross-complaint asking that the court quiet her title to the property; appellant then answered respondent's cross-complaint, denying respondent's title and incorporating paragraphs 1 to 8, inclusive, of his complaint in such answer, which paragraphs set up the conveyances to respondent and the fraud which he claims she practiced in securing the deeds from him, and prayed that respondent take nothing and that he have the relief prayed for in his complaint.

In *Rogers v. Rogers, supra,* the court said:

"The court decreed that appellant take nothing by his action and entered a decree of divorce for respondent and awarded to her the custody of her minor child. . . . . Appellant's action having been dismissed the court was not authorized to make any decree relative to property rights based

upon his complaint. . . . . Respondent in her cross-complaint made no mention of property rights and asked no relief with reference thereto. We think the court was without jurisdiction to include in the decree a judgment in effect quieting her title to the property. The court cannot go beyond the issues and pass upon a matter which the parties neither submitted nor intended to submit to its determination.''

[1] Appellant had raised the question of property rights claiming title in himself. All the evidence showed that either he or his wife had title. The trial court decreed that the property belonged to the wife, which decree this court set aside. The former decision held that appellant should receive nothing and if it meant that in receiving nothing his rights to the property were adjudicated adversely to him, title would necessarily have been in the wife, and therefore there would have been no occasion to say that the trial court had erroneously given her the title. It is thus apparent that in the former action nothing was adjudicated but that respondent was entitled to a divorce.

[2] Identity of issue is one of the essentials of *res adjudicata,* and it must appear that the precise question was raised and determined in the former suit. (*Wood River Power Co. v. Arkoosh,* 37 Ida. 348, 215 Pac. 975; *Mason v. Ruby,* 35 Ida. 157, 204 Pac. 1071; *Berlin Machine Works v. Delbohm L. Co.,* 29 Ida. 494, 160 Pac. 746; *Marshall v. Underwood,* 38 Ida. 464, 221 Pac. 1105.)

During the course of the trial, after certain preliminary questions identifying the property and showing where it was located and its value had been propounded to the plaintiff, appellant offered a certified copy of one of the deeds from him to his wife and upon objection by respondent that the cause of action based upon the instrument had been adjudicated in the previous case and was also barred by the statutes of limitations, the trial court at respondent's request and over appellant's objection received the entire record on appeal in the previous case. The appellant then sought to prove the respective allegations of his complaint

bearing upon respondent's fraud, whereby she obtained the deeds in question, which offers being severally objected to, were, by the court, refused on the ground that the previous case was *res adjudicata*. Certain records in other cases affecting the title to the property were also offered by the appellant and upon like objection were not admitted, the court saying with reference to all such exhibits offered, "They will be received in evidence but disregarded." The defendant at the close of plaintiff's case moved for a nonsuit and dismissal of plaintiff's action on the grounds that the action was barred, and that the first case was *res adjudicata*, whereupon the court, defendant introducing no evidence, held that "The defendant's motion for nonsuit to plaintiff is well taken and an order to that effect will be granted and a decree granted quieting the title to this property."

Appellant assigns the action of the trial court in admitting the record in a prior case, in the middle of the presentation of his case, as error because of C. S., sec. 6847. In view of the disposition of this case it is unnecessary to decide whether C. S., sec. 6847, applies to trials to the court without a jury, or to what extent the court may exercise its discretion in departing from the order of trial specified in such statute in so far as it is applicable hereto. Such procedure was, in any event, irregular, and no good reason appears why it was necessary or justifiable to thus break into the middle of appellant's case and permit the introduction of these records. Appellant had, however, in his complaint alleged the bringing of such suit, the records of which were thus introduced and therefore without approving the procedure by which they were admitted we cannot say that they were improperly considered by the court.

[3] In the original Rogers case the supreme court held that respondent had no pleading to support the decree favoring her as to the property. Herein, if her answer or cross-complaint were extant after the dismissal of appellant's complaint, there is sufficient pleading but no proof, nor did the dismissal of plaintiff's action supply such proof. As

said in *Isalis & Salinas Water Co. v. Allen,* 132 Cal. 432, 64 Pac. 713:

"The defendant here in her answer set up her adverse claim of title to the property. *She thereby became an actor, with the burden of proof upon her to establish her claim* . . . . and there were affirmative allegations, *which, if sustained by the evidence,* entitled the defendant to affirmative relief. . . . . "

If the granting of the motion for nonsuit and the dismissal of plaintiff's action carried with it respondent's answer, unless her cross-complaint still remained, respondent is relegated to the same position she was in at the time of the original Rogers case; in other words, there is no pleading to sustain a decree quieting her title. If, after the dismissal of plaintiff's complaint she was entitled to an affirmative decree it was because either her answer or cross-complaint remained in the case, in which event if the answer remained in, it being deemed denied, appellant was entitled to make his defense thereto, if the cross-complaint remained in, the allegations thereof being specifically denied, appellant was entitled to likewise make his defense thereto. No matter which horn of the dilemma is taken the decree was erroneously granted.

[4] It is contended by respondent that the cause of action attempted to be set up by appellant was barred by one or all of the statutes of limitations, C. S., secs. 6596, 6597, 6608, 6611, 6617. The trial court granted the nonsuit and dismissed appellant's action solely on the ground of *res adjudicata* and so did not pass on this question. Respondent, except for the records in the former case, introduced no evidence, and this record would not justify the decree in her favor nor justify us in passing upon the effect of the statutes of limitations for two reasons: first, conceding that the record was admissible, by reason of the way in which the trial was conducted, appellant was deprived of the right of introducing other or additional evidence, and, second, the court made no finding upon any issue of fraud and even though in the absence of such find-

ing this court would have that right, it could not do so in the present instance because of the first reason given above. It is impossible to apply the statutes of limitations to some of the issues raised by the pleadings without any evidence relative thereto; therefore, we cannot pass upon the same.

The decree is ordered reversed and the cause remanded for further proceedings in accordance with this opinion. Costs awarded to appellant.

William A. Lee, C. J., and Wm. E. Lee, Budge and Taylor, JJ., concur.