484 P.2d 736

Orland PETERSON, Plaintiff-Respondent,

v.

Elizabeth PETERSON, Defendant-Appellant.

No. 10438.

Supreme Court of Idaho.

April 30, 1971.

Stephan, Balleisen & Slavin, Twin Falls, Fagan & Fagan, Casper, Wyo., for defendant-appellant.

James, Hobdey & Shaw, Gooding, for plaintiff-respondent.

DONALDSON, Justice.

This is an appeal by the wife (defendant-appellant) from a judgment awarding the husband (plaintiff-respondent) a divorce. The wife principally objects to the property settlement made by the trial court. The pertinent facts involved in this controversy are as follows.

Orland and Elizabeth Peterson were married in Wyoming in 1948. Two children were born of the marriage. The record discloses that appellant was a good mother, performed her household duties with competence and helped her husband with the farm chores (and performed these duties) to his satisfaction. The family resided in Wyoming until the summer of 1967 when the family moved to Hagerman, Idaho. The wife disliked living in that area. The testimony indicates that the couple had a limited social life and only rarely went out to dinner or to a show and after several months the wife left and returned to Wyoming. The husband filed a complaint for divorce on grounds of extreme cruelty and it was granted by the district court. The district court divided the community personal property between the parties and subjected the husband's separate real property to a lien of $7,500 as the wife's share of the community property. The wife has appealed to the Supreme Court from the judgment of divorce, her principal objection being that the trial court erred by not awarding her any of the hus-

band's real property when it made a division of property incident to the divorce.

■ The main question to be decided by this appeal is whether a wife in a divorce suit can claim and successfully obtain an interest in her husband's separate property acquired during the marriage[1] where such marriage is entered into in a common law state and then the couple subsequently move to a community property jurisdiction. The case at bar presents a classic problem which has confronted courts for years. In 1912 this Court decided the case of Douglas v. Douglas, 22 Idaho 336, 125 P. 796 (1912) which stated:

> "We start into the investigation in Idaho confronted with the statute which says that all property acquired by husband and wife, or either, during marriage, when not acquired as separate property of either, is community property, and the presumption, in the first instance, is that the laws of Colorado are the same as the laws of this state. Maloney v. Winston Bros. Co., 18 Idaho 757, 111 Pac. [1080] 1086. This presumption, however, is subject to be rebutted by competent proof. The appellant succeeds in this proof by showing that there was no community property law in Colorado when he accumulated this property, and that such accumulations were the sole and separate property of the husband under those laws. By this means, the title and ownership to this property is fully and clearly established, and we find that, when appellant departed from the state of Colorado with this property, it was his

separate property, and of course the mere crossing the state line into Idaho could not divest him of his title or vest that title in some one else. It would take something more than the mere crossing of the state line to transfer the title to property he had with him. He shows then that he immediately invested that money in his particular real estate in Idaho. The mere fact of investing this money could not of itself change the title or transfer the right of property from him to some one else. This is merely an exchange of one class of property for another, and it is well settled that investing one kind or class or specie of property in another kind or class does not change the character of the title or right of ownership, and that the title by which the property was held and governed will continue the same. Thayer v. Clarke (Tex.Civ.App.) 77 S.W. 1050. Such property, therefore, as the real estate here involved purchased in the manner this was purchased, with the separate property of the husband, does not fall within the class of 'property acquired after marriage' referred to and defined in section 2680, *supra*." Douglas v. Douglas, *supra*, at 343, 125 P. at 798.[2]

■ The State of Wyoming does not recognize the concept of community property but nonetheless, as in the State of Idaho, gifts which are made to the husband as his sole and separate property, are his and his alone. The mere crossing of the Wyoming-Idaho boundary is insufficient to divest him of title to the land. Kraemer v. Kraemer, 52 Cal. 302 (1877).

1. The record indicates that the husband's father made him a gift of certain property worth approximately $50,000 that is located in Wyoming. The father then purchased property in the State of Idaho worth approximately $50,000. The father and son then exchanged these two properties and thus the son became the owner of the Idaho property and the father the owner of the Wyoming property. The wife claims an interest in the Idaho property since she claims that she did not lose her rights that she acquired in

Wyoming merely because the property is considered under Idaho law as the husband's sole property.

2. Although this case has been criticized by Brockelbank in his treatise, the Community Property Law of Idaho, the Court finds the case applicable to the case at bar because the discretion given the Judge by the Wyoming statute is comparable to the discretion given the Judge by the Idaho statute.

■ The wife claims in essence that it is unfair for the husband to shield the real property from her as "separate property" under the Idaho community property law since the wife maintains that if Wyoming law [3] were applied with respect to the division of property then she would have been able to get at least a portion of the realty since according to Wyoming law a wife can claim an interest in the husband's sole and separate property. It is the opinion of this Court that the wife's contention is without merit. The Idaho property was the separate property of the respondent. It had been obtained by an exchange for the Wyoming property which had been given to the husband as his separate property. See I.C. § 32–903.[4] Although Idaho is a community property state, it may nonetheless subject the husband's separate property

to a lien for alimony or support.[5] I.C. § 32–706 is quite comparable to the Wyoming statute. However the record is barren of any claim for alimony or support. The court did however subject the separate property of the husband to a lien until the husband paid the wife her interest in the community property, $7,500.

The trial court found that the property in question belonged exclusively to the husband. Where there is sufficient substantial and competent evidence to support the findings of the trial court, such findings are binding on the Supreme Court and will not be disturbed on appeal. Brammer v. Brammer, 93 Idaho 671, 471 P.2d 58 (1970).

Judgment affirmed. Costs to respondent.

McQUADE, C. J., and McFADDEN, SHEPARD and SPEAR, JJ., concur.

3. Wyoming Code § 20–63 (formerly § 5000 Wyo.C.S.1920) states:

"§ 20–63. Disposition of property to be equitable; factors; alimony generally.—In granting a divorce, the court shall also make such disposition of the property of the parties, as shall appear just and equitable, having regard to the respective merits of the parties and to the condition in which they will be left by such divorce, and to the party through whom the property was acquired, and to the burdens imposed upon it, for the benefit of the wife and children, and the court may also decree to the wife reasonable alimony out of the estate of the husband having regard for his ability, and to effectuate the purposes aforesaid, may order so much of his real estate or the rents and profits thereof, as is necessary to be assigned and set out to the wife for life, or may decree a specific sum to be paid by him to her, and use all necessary legal and equitable processes to carry its decrees into effect."

4. "32–903. Separate property of husband and wife.—All property of either the husband or the wife owned by him or her before marriage, and that acquired afterward by either by gift, bequest, devise or descent, or that which either he or she

shall acquire with the proceeds of his or her separate property, by way of moneys or other property, shall remain his or her sole and separate property."

5. I.C. §§ 32–706, 32–708 and 32–710 read as follows:

"32–706. Alimony for fault of husband.—Where a divorce is granted for an offense of the husband, including a divorce granted upon the husband's complaint, based upon separation without cohabitation for five (5) years, the court may compel him to provide for the maintenance of the children of the marriage, and to make such suitable allowance to the wife for her support as the court may deem just, having regard to the circumstances of the parties respectively; and the court may, from time to time, modify its orders in these respects."

"32–708. What property liable.—In executing the four (4) preceding sections the court must resort first, to the community property, then to the separate property of the husband."

"32–710. Allowance for support of children.—The community property and the separate property may be subjected to the support and education of the children in such proportions as the court deems just."