546 P.2d 407

Winifred BERLE, Plaintiff-Appellant,

v.

Charles Henry BERLE, Defendant-Respondent.

No. 11768.

Supreme Court of Idaho.

Feb. 18, 1976.

Robert E. Rayborn, Rayborn, Rayborn & Ronayne, Twin Falls, for plaintiff-appellant.

Bert Larson, Parry, Robertson, Daly & Larson, Twin Falls, for defendant-respondent.

McQUADE, Chief Justice.

The facts of this case are as follows. Plaintiff-appellant Winifred Berle (hereinafter appellant) and defendant-respondent Charles Berle (hereinafter respondent) were married in 1938 in the state of New Jersey. They lived in that state as husband and wife until October of 1971, when respondent left appellant in New Jersey and took up residence in Idaho. During their marriage, certain personal property consisting of securities and bank accounts was acquired by the parties. When respondent left New Jersey, he took this personal property with him and brought it to Idaho where it has remained ever since.

On November 30, 1971, respondent filed an action for divorce in Blaine County, Idaho. A copy of the complaint was personally served on appellant in New Jersey on December 9, 1971. Appellant applied for and received on December 17, 1971, a temporary restraining order from the Superior Court of New Jersey, Chancery Division—Essex County, enjoining respondent from further prosecution of his divorce action in Idaho. Notwithstanding

this order, respondent obtained a decree of divorce in Idaho on January 6, 1972.[1]

Appellant did not make an appearance in the Idaho divorce proceedings, and her default was entered. The default judgment which was entered granted respondent a divorce from appellant; provided $250.00 per month alimony for the support and maintenance of appellant until such time as she might remarry, and awarded a 1966 Dodge Polara automobile to respondent as his "sole and separate" property. No disposition of other assets was made at that time.

Appellant brought this action in Twin Falls County against respondent seeking in count I of her complaint a division and distribution of the bank accounts and securities which were not disposed of at the time respondent's divorce decree was entered. In the alternative, in count II of her complaint, appellant seeks damages grounded in fraud. Her theory is that respondent's secretive actions and false statements led her to believe Idaho did not have jurisdiction to entertain respondent's divorce action at the time it was commenced in 1971, and that as a result of the respondent's fraudulent actions, she did not seek an equitable distribution of this personal property at the time respondent filed for divorce.

Respondent moved for judgment on the pleadings, or in the alternative, summary judgment, on the ground that there was no genuine issue as to any material fact and therefore he was entitled to judgment as a matter of law. The trial court deeming itself bound by the holdings of *Douglas v. Douglas*,[2] and *Peterson v. Peterson*,[3]

granted the motion, dismissed the action with prejudice and entered judgment in the respondent's behalf. It ruled that the property in issue was under the law of New Jersey, respondent's "separate" property; that comity required the state of Idaho to denominate this personal property as respondent's "separate" property, and that under Idaho law, "separate" property was not subject to division between the parties in divorce proceedings. It is from the order granting summary judgment that appellant has brought this appeal.[4]

Preliminarily, we must determine what effect, if any, the Blaine County divorce decree rendered on appellant's default, has in respect to her present claim for an equitable distribution of the marital property in respondent's possession at the time the decree was entered. Respondent contends that the doctrine of res judicata or collateral estoppel precludes appellant from asserting a claim to an equitable share of this property. We do not agree with this contention.

In his complaint in the divorce action respondent alleged that:

"[D]uring the marriage of the parties, the following property has been accumulated:

(a) No real property

(b) Personal property

    1. 1–1966 Dodge Polara automobile.

    2. Certain items of personal property consisting of securities and bank accounts, all of which were acquired outside of the State of Idaho and while the Plaintiff was a resident of the State of New Jersey, all of which is

1. On July 9, 1973, a divorce was granted to appellant by the Superior Court of New Jersey, Chancery Division—Essex County, dissolving the marriage between appellant and respondent, and declaring that the Idaho divorce decree was null and void and of no effect in New Jersey. No award of property was made in that decree. Respondent was not personally served and did not make an appearance in that action. We need not decide whether this Court is obligated to give "full

faith and credit" to the New Jersey judgment.

2. 22 Idaho 336, 125 P. 796 (1912).

3. 94 Idaho 187, 484 P.2d 736 (1971).

4. Appellant does not assign the trial court's dismissal of count II of her complaint as error. In accordance with Supreme Court Rule 41(2), we need not consider it on appeal.

Plaintiff's separate property and in whose name title to the same is vested.

3. Certain items of clothing, jewelry and miscellaneous personal effects belonging to the parties respectively, presently situated in the residence of the Defendant."

In the prayer part of his complaint, respondent requested that the marital bonds be severed; that he be awarded the automobile, that each of the parties be awarded those items of personal property consisting of clothing, jewelry and miscellaneous personal effects presently located at appellant's residence, that appellant be awarded alimony, and that the court grant such other and further relief as was equitable. No request was made for disposition of the securities and bank accounts mentioned in the complaint.

I.R.C.P. 54(c) provides in pertinent part:

"A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment."

Although it was alleged in the complaint that during the marriage the parties had accumulated certain securities and bank accounts, the prayer for relief in respondent's complaint did not ask that he be awarded the securities and bank accounts. Therefore, the question of title over this property was never adjudicated in the divorce proceeding. In choosing not to respond to respondent's complaint, appellant had the right to assume that the judgment which would be entered following her default would embrace only the relief requested by the complaint, and that the relief granted would not exceed that prayed for therein.[5] Accordingly, appellant is not barred from proceeding with her present action.[6]

■ Appellant concedes that under the law of New Jersey, (the state of marital domicile of the parties at the time the property was acquired) the property in issue during the existence of the marriage, would be denominated as the "separate" property of respondent. Appellant contends however that in determining the proper distribution of this property it was error to apply the law of this state, which prohibits the division of "separate" property upon a divorce, rather than the law of New Jersey, which recognizes the right of a spouse at the time of divorce to share in the distribution of this "separate" property. Appellant maintains that the concept of "separate" property in New Jersey differs significantly from the concept of "separate" property in Idaho. Therefore, appellant argues that it was wrong to apply an Idaho statute designed to govern the distribution of "separate" property, as that term is defined in this community property state, to the contested property, which being "separate" property under New Jersey law, carries with it the qualifications and incidents of ownership that that common-law jurisdiction attaches to it. We find this argument to be persuasive. Accordingly, we reverse the lower court's judgment and remand for a new trial.

The trial court found that the contested property was acquired by the parties while they were living together as man and wife in New Jersey. This finding is not disputed in this appeal. In accordance with New Jersey law, which does not recognize the concept of community property, this property was denominated as the "separate" property of respondent. However, under New Jersey law, this same "separate" property could be subject to an equitable distribution between the spouses on the occasion of a divorce. N.J.S.A. 2A:34-23 provides in pertinent part:

"In all actions where a judgment of divorce or divorce from bed and board is entered the court may make such award

---

5. *See Rogers v. Rogers*, 35 Idaho 645, 208 P. 234 (922); *Martin v. Soden*, 81 Idaho 274, 340 P.2d 848 (1959).

6. *See* "Default Decree in Divorce Action as Estoppel or Res Judicata with Respect of Marital Property Rights;" 22 A.L.R.2d 724 (1952).

or awards to the parties, in addition to alimony and maintenance, to effectuate an equitable distribution of the property, both real and personal, which was legally and beneficially acquired by them or either of them during the marriage."

As noted by the New Jersey Supreme Court in construing this statute:

"A further question is presented when we consider assets that have come into the ownership of a spouse, or of both spouses jointly, during coverture. To the extent that such property is attributable to the expenditure of effort by either spouse, it clearly qualifies for distribution. Here we have principally in mind the earnings of husband or wife; such assets are certainly comprehended by the statute." [7]

Thus it is clear from both the statutory and case law of New Jersey, that the property in issue, despite its characterization during the existence of the marriage as respondent's "separate" property, could be subject to an equitable distribution upon a marital dissolution proceeding brought in that state. Appellant's interest in this "separate" property may be afforded protection under New Jersey law.[8] Had the property been acquired jointly by the parties while domiciled in this state, it clearly would have been deemed community property and subject to division upon a divorce.

We see no reason to defeat appellant's claim by applying an Idaho statute (I.C. § 32–903) not designed to govern the property in issue. We find the reasoning of the Arizona appellate court in *Rau v. Rau*[9] to be of some assistance:

"We do not believe our legislature intended to prevent our divorce court from affecting the title to any and all property which under the law of the state of acquisition might bear the label 'separate property.' We construe the 'separate property' as to which the statutory prohibition [in Arizona law] applies to be that defined in A.R.S. § 25–213, subsec. A. To apply this restriction to 'separate' estate acquired in a common-law jurisdiction only leads to unjust and unreasonable results. See de Funiak, Conflict of Laws in the Community Property Field, 7 Ariz.L.Rev. 50 (1965). When the restriction is limited to the statutory definition, the division made here does no violence to either the statutes of Arizona, or Illinois, and carries out the basic law of both jurisdictions that a fair division of marital property be made at time of divorce." [10]

We conclude that I.C. § 32–903 prohibiting the distribution of "separate" property upon divorce is inapplicable, and cannot be utilized to defeat appellant's claim.[11]

In denying appellant's claim for an equitable share of the property, the trial court considered itself bound by the holdings of this Court in *Douglas v. Douglas, supra,* and in *Peterson v. Peterson, supra.* We believe that both *Douglas* and *Peterson* are distinguishable from the facts of this appeal, and are therefore not controlling.

In *Douglas,* the husband and wife were married in Colorado, and lived there for several years before moving to Idaho. Between the date of the marriage, and the time the parties relocated in Idaho, they accumulated real, personal, and mixed property which amounted to the sum of $13,050. Under Colorado law, this property was characterized as the husband's "sep-

7. *Painter v. Painter,* 65 N.J. 196, 320 A.2d 484, 493–94 (1974).

8. Professor Marsh has established as a qualified generalization that: "The wife's interest in the so-called statutory 'separate' property of the husband in a majority of common-law states is afforded a protection nearly equal to that given her interest in the community property acquired by the husband in the majority of community property jurisdictions."

See Marsh, Marital Property in Conflict of Law at 45 (1952).

9. 6 Ariz.App. 362, 432 P.2d 910 (1967).

10. *Id.* at 365, 432 P.2d at 913–14.

11. *Accord Burton v. Burton,* 23 Ariz.App. 159, 531 P.2d 204 (1975); *Contra Latterner v. Latterner,* 121 Cal.App. 298, 8 P.2d 870 (1932).

arate" property. Upon arriving in Idaho, the husband invested this money in real estate in this state. The wife died a short time after the parties settled in Idaho. The wife's estate was administered on the theory that this real estate was community property. The husband challenged this, and brought a quiet title action to have this property declared to be his own "separate" property. The Court reversed the trial court which denied the husband's claim, and ruled in his favor.

Unlike the present appeal, where the property distribution law of New Jersey is before the Court, the opposite was true in *Douglas.* The contesting parties conceded that the property then in issue was the "separate" property of the husband under Colorado law. No attempt was made to show that the treatment of "separate" property in Colorado was any different from the treatment of "separate" property in Idaho. In the absence of evidence to the contrary, the Court correctly assumed that Colorado law with regard to the distribution of "separate" property was the same as Idaho law.

In *Peterson,* the wife was claiming an interest in Idaho real property which was given to the husband as a gift by his father while the parties were married and living in this state. The Restatement (Second) of Conflicts of Laws (1969) provides:

"234. Effect of Marriage on an Interest of Land Later Acquired

(1) The effect of marriage upon an interest in land acquired by either of the spouses during coverture is determined by the law that would be applied by the courts of the situs.

(2) These courts would usually apply their own local law in determining such questions."

Under the law of the situs of the realty, which was Idaho, gifts to either spouse during marriage were the "separate" property of the acquiring spouse, not subject to distribution upon a divorce. Therefore the Court correctly denied the wife's claim to a share of the real property in Idaho acquired by the husband by way of a gift. The facts in *Peterson* distinguish it from the present appeal.

Our conclusion in this case does not penalize respondent for his relocation from New Jersey to Idaho, nor divest him of any property interest he might otherwise have. Upon remand, he will be awarded that to which he would be entitled under New Jersey law.

We reverse the trial court's judgment, and remand for a trial of the issues with instructions to divide the marital property in accordance with the applicable New Jersey law governing distribution of property upon divorce at the time respondent's divorce action was commenced.

Costs to appellant.

McFADDEN, DONALDSON and BAKES, JJ., concur.

SHEPARD, J., dissents without opinion.