(No. 5516. June 7, 1930.)

WM. WALKER, Administrator of the Estate of JAY BECK, Deceased, Appellant, v. E. C. MANSON et al., Respondents, and LILLIE M. BECK et al., Appellants.

[289 Pac. 86.]

F. M. Bistline, for Appellant Walker.

F. E. Tydeman, for Appellant Beck.

R. W. Jones and Merrill & Merrill, for Respondent Manson.

Standrod & Standrod, for Respondent Bean.

GIVENS, C. J.—Jay Beck and Lillie M. Beck were married in 1890. Thereafter, in 1903, Lillie M. Beck instituted a suit against her husband, Jay Beck, for separate maintenance and for the care, custody and control of her two minor children, alleging the joint ownership of certain city lots in Pocatello, and that her husband had abandoned her and the two children, and was outside of the state. Upon substituted service by publication and mail and the proper affidavit and order of service authorized by statute, Jay Beck not appearing and after his default was noted, the court entered judgment giving the custody of the two children to Mrs. Beck and disposing of the property as follows:

"And it further appearing that the property set out in the complaint is community property and is under the control of the court in this cause, and that said property is all the property belonging to the defendant within the state, and is all the property within the jurisdiction and control of the court; and that said property has been shown by proper and competent testimony to be of the value of $3500; and it further appearing that same and all of same is necessary for a home and for the support and mainte-

nance of plaintiff and of the said minor children; it is therefore ordered that said property, to wit: Lot No. one and one-half of Lot No. 2 in Block No. 449, and Lots 3 and 4 in Block No. 444 and Lots 8, 9 and 10 in Block No. 463, as shown by the original plats of the city of Pocatello, Bannock County, Idaho, be and the same are hereby decreed and set apart to the plaintiff absolutely for her said support and maintenance and that of her children, and that said property may be in lieu of the gross sum allowed to the plaintiff herein; and it is further ordered, adjudged and decreed that the defendant, Jay Beck, for the purposes herein set out, and in accordance with the direction of the court herein, within ten days from this date, execute and deliver to the plaintiff herein, Lillie M. Beck, a good and sufficient deed of all interest of, in and to said property hereinbefore set out, and it is further ordered, adjudged and decreed that, in case of failure of the defendant to so make and execute said deed within the time herein, that E. G. Gallet, be and he is hereby appointed and directed as a commissioner of this Court, and for that purpose he is hereby directed and empowered to make, execute and deliver to the plaintiff a deed of all the right, title and interest of the defendant in and to said property and all of same.''

Deeds were thereafter made in accordance with this decree. Between December 18, 1903, the date of the decree of the separate maintenance suit, and January 20, 1928, the date of his death, Jay Beck returned to or visited his wife but twice, never returning to live with her and never contributing anything to the support of her or the two children. During all of this time Lillie M. Beck supported herself by her own efforts, unaided in any way by Jay Beck, gave various notes and mortgages on the property in question and handled it as though it were her own separate property. After the death of Jay Beck his administrator brought this action to quiet title to lots 1, 2, 3, 4, 7, 8, 9 and 10 in block 449, city of Pocatello, the property at the time of the suit standing in the name of Lillie M. Beck, and

either originally transferred to her under the decree of December 18, 1903, or acquired by her as the fruits and proceeds of dealing with the property given to her by said decree or from the proceeds of her own business ventures thereafter, or inheritances received by her.

Respondent Manson is owner by purchase at mortgage foreclosure sale of certain of the lots involved. Mrs. Bean sought herein foreclosure of her mortgage on certain of the lots, and the other respondents are or had been mortgagees and defaulted. The action herein is a collateral attack on the decree in the separate maintenance action (*O'Neill v. Potvin*, 13 Ida. 721, 93 Pac. 20, 257), and unless the decree in the maintenance action appears void upon its face such collateral attack may not prevail.

Appellants contend that the decree of December 18, 1903, is void for two reasons: first, the complaint did not ask that the community property be awarded Mrs. Beck; and second, the court was without jurisdiction to so award the community property. The complaint and summons (*vide* the statutory requirement as to the summons in effect then) sufficiently requested the disposition of the property made by the trial court therein, if the court otherwise had jurisdiction. Appellants rely upon *Johnson v. Johnson*, 33 Cal. App. 93, 164 Pac. 421, to the effect that, under sec. 137 of the Civil Code of California, as it then existed, and similar holdings in other cases, the court was without jurisdiction to award the community property. Only the first paragraph of sec. 137 of the California Code as it then existed is similar to C. S., sec. 4642.

Section 137 of the California code, in the second paragraph thereof, construed by *Johnson v. Johnson,* provided for an action for separate maintenance. The California court restrictedly construed this portion of the statute and indicated in *Johnson v. Johnson, supra,* that *all* the community property could not be given the wife. This additional portion of the California code we did not and do not now have; hence this case, and similar holdings on statutes not like ours, are not in point, and it is to be noted that

California later amended their statute, authorizing the court to make the same property award in actions, for separate maintenance, as for divorce. (*Sherman v. Sherman,* 47 Cal. App. 208, 190 Pac. 464.)

*Simonton v. Simonton,* 33 Ida. 255, 193 Pac. 386, held under C. S., sec. 4654, without reference to sec. 4642, that the courts of this state had jurisdiction to entertain an action for separate maintenance under the equitable powers of the court, which is in line with the general law on this subject. (30 C. J. 1078, sec. 877.) The authority for the amount of the award for maintenance must be found in the general equitable powers of courts in such circumstances, since we had no statute, and have none now, with regard to this particular proposition; and *Simonton v. Simonton* must have contemplated some award, since that is the only purpose of separate maintenance. (*Hilton v. Second Judicial District Court,* 43 Nev. 128, 183 Pac. 317; *Simonton v. Simonton,* 40 Ida. 751, p. 759, 42 A. L. R. 1363, 236 Pac. 863.)

The two jurisdictional requirements authorizing the court to award separate maintenance are jurisdiction of the subject matter and of the parties. (30 C. J. 1081, sec. 879.) These requirements were satisfied in the separate maintenance action by reason of the fact that the plaintiff was within the jurisdiction of the court and that there was property belonging to both parties within the jurisdiction of the court.

The amount of allowance was discretionary and not jurisdictional. (30 C. J. 1089, sec. 899.) And while some cases hold that a periodical allowance should be awarded rather than a lump sum, circumstances justify a different course of action. (30 C. J. 1090, sec. 901.)

From these authorities it is clearly apparent that the court had jurisdiction to make an award. This being true, an award, even though excessive, which we do not imply or pass upon, was not void, at most only erroneous. This conclusion is harmonious with holdings of this court with

regard to the power of the wife to deal with community property, when though there has been no decree of separate maintenance, circumstances virtually caused the wife to care for herself without the assistance of the husband and use for such purpose the community property. (*Sassaman v. Root,* 37 Ida. 588, 218 Pac. 374.)

The judgment is affirmed. Costs awarded to respondents.

Lee, Varian and McNaughton, JJ., concur.

The original decree involved herein having been signed by Budge, J., he did not participate herein.

Petition for rehearing denied.