DAILY *v.* DAILY.

(Decided October 18, 1933.)

*Mr. Leroy J. Contie,* for plaintiff in error.
*Mr. T. H. Leahy,* for defendant in error.

SHERICK, P. J. This action was originally commenced in the domestic relations branch of the Court of Common Pleas of Stark county. The plaintiff in error herein, Elmer J. Daily, was the plaintiff below, and the action was for divorce.

To the petition as filed, the defendant, M. Louella Daily, made answer, and by way of cross-petition prayed for alimony. At the trial of this cause, the petition was dismissed, and the cause proceeded to trial upon the cross-petition.

The matter is now before this court on error, and the plaintiff in error complains on some eight grounds of error, which we have examined. The third and fifth grounds of error assigned present the real question in this court, and we are of opinion that the other claimed errors, if errors they be, are not prejudicially so. We shall therefore limit our consideration to the third and fifth grounds, which are to the effect that plaintiff in error complains that the judgment of the court in making a division of the property and awarding money and property to the defendant in error, as alimony for her maintenance and support during separation, is contrary to law.

The trial court found that the causes of action alleged in the defendant's cross-petition were true and awarded alimony to the wife. It was ordered that the plaintiff in error pay to her the sum of $70 per month. In addition thereto it was ordered that the defendant was entitled to all her wearing apparel and all of the household furniture, and a Ford coupe. It was directed that the plaintiff execute a bill of sale of this coupe to his wife, and pay off a chattel mortgage on the car.

It appears from the record that the plaintiff had two cars, that the home in which the parties had been living was in the process of foreclosure, and that the husband had recently inherited, along with his brothers and sisters, an estate in remainder in two pieces of real estate. This, we take it, was the husband's sole substance.

The plaintiff in error asserts that the case of *Durham* v. *Durham,* 104 Ohio St., 7, 135 N. E., 280, is dispositive of the question presented, and that upon this authority this court should reverse the judgment below. We are unable to completely agree with this view, but we do feel that the judgment below should be modified in part. The Supreme Court, in the *Durham case,* approved of its prior judgment in the case of *Marleau* v. *Marleau,* 95 Ohio St., 162, 115 N. E., 1009,

wherein it was held: "A proceeding for alimony does not invoke the equity powers of the court but is controlled by statute. The court is only authorized to exercise such power as the statute expressly gives, and such as is necessary to make its orders and decrees effective."

It is thereby settled in this state that in a proceeding for alimony alone a court possesses no equity power, but is, and must be, controlled by the statute only.

Section 11998, General Code, provides: "Upon satisfactory proof of any of the charges in the petition, the court shall make such order for the disposition, care and maintenance of the children of such marriage, if any, as is just, and give judgment in favor of the wife for such alimony out of her husband's property as is equitable, which may be allowed to her in real or personal property, or both, or in money, payable either in gross or by installments."

The Supreme Court further said in the *Durham case,* in construing this statute, that the definition of alimony, as contained in 1 Ruling Case Law, 864, was the definition and thought in the minds of the legislators in the enactment of this section. In other words, it was held that alimony, when applied to a suit for alimony alone, comprehends any such sums so allowed as and for the purpose of maintenance, nourishment, or means of support to the wife during separation.

It is recognized that, where alimony is granted in a cause wherein divorce has been decreed, the term "alimony" has an enlarged meaning, but, in considering this section, in the authority previously referred to, the court, at page 11 of 104 Ohio State, points out that "the authority of the court is much more limited" in an action for alimony only.

And now considering the award made in this case, the court was right in awarding to the wife her own

wearing apparel, for that was her property. The court might have been correct in its judgment in awarding all of the household property to the wife. However, we would here point out that the husband might have possessed certain heirlooms, or other personal property contained in the home, that would in no way aid the wife and child in their maintenance and support. We believe it to be the purpose of the statute to award to the wife, in cases of this character, such personal property belonging to the husband as would be conducive to the comfort and well-being of the wife and children. In view of the fact, however, that the record makes no mention of any such article or thing, we are in this instance unable to say that the court erred therein.

It appeals to us from this record that the court did attempt to divide the husband's two automobiles by giving one to the wife, and ordering the husband to make a bill of sale to his wife for such car, and in his further order for the husband to satisfy the mortgage on the car given her. It is rather a division of the husband's property not contemplated by the section of the General Code referred to. In addition thereto, we hold the view that the automobile in question could in no way aid in the maintenance and support of the wife and child. It does not appear that by its use the wife was aiding herself; that is, helping to maintain herself and child. It was rather a source of expenditure rather than an asset.

It is therefore this court's judgment that the judgment of the trial court with reference to its orders in respect to the award of the Ford car, and the ordering of a bill of sale from the husband to the wife, and with reference to the further order for the husband to satisfy the chattel mortgage thereon, be modified in accordance with the views herein expressed, and that

the judgment as modified be, and the same is hereby, affirmed.

*Judgment modified and affirmed as modified.*

LEMERT and MONTGOMERY, JJ., concur.