(No. 6529. December 15, 1938.)

HENRY J. RADERMACHER, Appellant, v. FREDA M. RADERMACHER, Respondent.

[87 Pac. (2d) 461.]

Bissell & Bird and W. L. Dunn, for Appellant.

A. F. James and Ariel L. Crowley, for Respondent.

GIVENS, J.—Appellant, cattleman and rancher, and respondent, school-teacher and housewife, husband and wife since April 24, 1921, with four minor daughters, ages 13, 11, 9 and 3 years respectively, became beset with marital difficulties, with the result that appellant sued for divorce on the ground of cruelty, which respondent resisted and asked for separate maintenance, resulting in a decree denying the divorce, granting separate maintenance, and custody of the children to respondent and awarding her all the property,

real and personal, both community and separate, from which this appeal was taken.

Appellant makes several assignments of error which may be grouped as follows: That the court erred in making certain findings and in concluding that respondent was entitled to separate maintenance and in denying the divorce; that the court erred in awarding all the property to respondent; and that objections to certain questions propounded by appellant were erroneously sustained.

In order to consider the last group it is necessary to briefly review the alleged grounds of divorce, recrimination and claim for separate maintenance and evidence relative thereto.

Appellant claims respondent had been guilty of cruelty in that she had called him vile names, slapped him, swore at him, and untruthfully told neighbors that he was unduly intimate with women. Respondent denied the vile language, physical violence, admitted telling of his relations with one woman, and asserted appellant had inflicted cruelty on her in that he had been unduly intimate with women and at times had inflicted physical violence upon her.

Though not in the pleadings, evidence was introduced by both sides, *pro* and *con,* to the effect that respondent had truthfully and untruthfully told that appellant had infected her with an infectious venereal disease, and among other evidence respondent testified in substance that she went to Boise for treatment and that she understood she had a venereal disease which she could have received only from appellant. On cross-examination appellant attempted to ascertain from respondent what a physician, she had consulted, had told her with regard to her condition. The objection was that it would disclose a confidential relationship and that it was hearsay. Neither ground was good (sec. 16–203, I. C. A.) and the objections should not have been sustained.

Appellant denied he had had an infectious disease or infected respondent. If respondent had not had a venereal disease but had told that appellant had infected her with such it would tend to have some effect on the question of who was guilty of cruelty (*Callahan v. Callahan,* 33 Ida. 241, 192 Pac. 660; *Morrison v. Morrison,* 38 Ida. 45, 221 Pac. 156),

as would likewise be the situation if appellant had infected her with a venereal disease.

The findings are so general that it is impossible to tell whether the court considered the above or whether he considered only that appellant had been unduly intimate with a woman. In view of this state of the record it is better to remand the case to permit answers to these questions, and allow both parties to present any additional evidence in connection with this phase of the controversy they desire, the court to make specific findings thereon.

Since the case is thus to be remanded we will not further consider the sufficiency of the evidence or the award of the property, other than to say that while separate maintenance may be granted in this state (*Sauvageau v. Sauvageau*, 59 Ida. 190, 81 Pac. (2d) 731), we do not have a statute such as section 137 Civil Code of California (*vide, Walker v. Manson*, 49 Ida. 468, 289 Pac. 86, holding a separate maintenance judgment, under the circumstances there disclosed was not subject to collateral attack), and in the absence of such statute only a protected and assured award for the maintenance, care and support of the wife and children, and education of the children may be made and neither a division nor transfer of the property, because the marital relationship continues. (*Decker v. Decker*, 56 Mont. 338, 185 Pac. 168; *Durham v. Durham*, 104 Ohio St. 7, 135 N. E. 280; *Anderson v. Anderson*, 140 Okl. 168, 282 Pac. 335, 74 A. L. R. 1231; *Daily v. Daily*, 48 Ohio App. 83, 192 N. E. 287; 1 R. C. L. 926, sec. 75; 30 C. J. 1090–1092.)

The cause is remanded with instructions to proceed in accordance herewith.

Awarding of costs to await the final disposition of the cause.

Holden, C. J., and Morgan, Ailshie, and Budge, JJ., concur.

ON REHEARING.

(February 8, 1939.)

GIVENS, J.—Respondent sought a rehearing on the ground the original opinion filed herein was erroneous in holding the objection to the cross-examination of respondent as to what a Dr. Lamb of Gooding had told her about her not having a venereal disease was improperly sustained.

This ruling of the trial court was originally challenged in appellant's third assignment of error but though both briefs argued the point neither cited any authorities.

Three specific questions were submitted in connection with the granted rehearing, thus: (1) Was what the physician said to the wife privileged under the circumstances of this case? (2) If privileged, was the privilege waived? (3) Were questions in regard to this matter sufficiently answered to obviate a remand of this phase of the controversy?

It is unnecessary to discuss or determine the first and second questions because the third will dispose of the point, and these excerpts from the record are sufficient for elucidation thereof:

Mrs. RADERMACHER, respondent, on cross-examination:

"Q. Isn't it a fact that you went over and had Dr. Lamb examine you and he examined you and told you you didn't have and never had the gonorrhea?

Mr. JAMES: Object as incompetent, irrelevant and immaterial, and discloses a confidential relationship between the witness and her doctor.

The COURT: Objection sustained.

Reporter's Note: Whereupon counsel argued the objection further.

The COURT: The objection is sustained."

. . . . . . . . . . . .

"Q. Mrs. Radermacher, as a matter of fact have you ever had the gonorrhea?

"A. I don't know. I only have the doctor's word at Boise; just what the doctor told me at Boise (i. e., Dr. Thurston).

"Q. As a matter of fact, Dr. Lamb told you you never had had the gonorrhea, didn't he?

"A. No, he didn't.

"Q. As a matter of fact didn't Dr. Lamb tell you that you were affected with lucurea or the 'whites' and that if you would have another baby that would clear up?

Mr. JAMES: Object to that on the ground that it discloses a confidential relationship between the witness and her doctor.

The COURT: Objection sustained.

"Q. Mrs. Radermacher, do you remember of having the following conversation with Mrs. Agnes Dunn at your residence on Clover creek in Gooding County, Idaho, and Mrs. Dunn and yourself being present and at the time when your youngest child was four or five months old; that is in the spring of 1932—spring of 1933, in which you stated to Mrs. Dunn in substance and effect: That you thought that Rodney had given you a dose of gonorrhea but that you went to Dr. Lamb and that he told you that your trouble was lucurea or a very ordinary trouble that most women have sometime during their life; that if you would have another baby it would clear it up; that you have had your baby and you have never had that discharge since that time?

Mr. JAMES: Object as not proper cross examination.

Mr. BISSELL: It is impeaching, your honor.

The COURT: She may answer.

"A. At the time Mrs. Dunn was living there we talked but I don't ever remember her visiting with me or having any conversation.

"Q. Did you or did you not have that conversation?

"A. I don't ever remember having that conversation. She wasn't living there only in November after the child was born.

"Q. And did you or did you not have that conversation?

"A. I said I don't remember off hand having that conversation."

. . . . . . . . . . . . .

"Q. And you knew, as a matter of fact, at the time you made that statement that it was false; you knew at the time

you made the statements that you had never had the gonorrhea?

"A. No, the doctor's word is all I had for it.

"Q. You mean Dr. Alman's word?

"A. No, the doctor in Boise, Dr. Thurston.

"Q. You never have told us what the doctor in Boise told you?

"A. Did you ask me?

Mr. BISSELL: The record will speak for itself on that proposition.

"A. I don't think you asked me to tell you the very words he told me."

AGNES DUNN, a witness for appellant, direct examination on rebuttal:

"Q. Mrs. Dunn, I will ask you if in 1933 at the residence of Mrs. Radermacher on Clover Creek and at a time when her youngest child was four or five months old, if you had a conversation with her concerning the birth of her child, in which she stated to you in substance and effect; that she had gone to Dr. Lamb; that Dr. Lamb had told her that she didn't have and never did have gonorrhea; that she was suffering from another disease commonly called the 'whites' and that he said if she had another child that would probably clear up the condition; that she had had the child and she had never suffered from the disease since?

"A. She did."

 Thus while the court sustained the objection to what Dr. Lamb had told respondent the substance as contended for by appellant was as fully secured from Mrs. Dunn and the error if any, which we do not pass on, was rendered not prejudicial by the last answer of Mrs. Dunn. The court was sufficiently informed and apparently believed respondent and her witnesses, not necessarily or alone as to this particular point, but generally, and from the record was evidently justified in so doing.

The original opinion is therefore modified and we now hold no error prejudicial to appellant's rights was committed by the court's ruling and the court need not proceed further in that connection; the only question on remand being the amount of the award for separate maintenance and care, cus-

tody and support of the four minor children. Wherefor the trial court should set aside the decree heretofore entered awarding the property to respondent and require solely a proper, adequate and protected monthly allowance for the care, custody and support of herself and the four minor children.

Costs to await the final outcome.

Ailshie, C. J., and Budge, Morgan, and Holden, JJ., concur.