340 P.2d 848

**C. Ben MARTIN, Plaintiff-Respondent,**

v.

**Alice A. SODEN, Defendant-Appellant, Jackson E. Soden and Carl H. Swanstrom, Defendants.**

No. 8644.

Supreme Court of Idaho.

June 19, 1959.

Edith Miller, Langroise & Sullivan, Boise, for appellant.

J. F. Martin, Charles E. Winstead, Boise, for respondent.

BURTON, District Judge.

This is an appeal from an order denying a new trial in a case instituted by plaintiff-respondent, assignee of a lien, for the purpose of foreclosing his lien. A decision of the issues tendered by the appeal, however, requires not only a review of proceedings in connection with the application for a new trial, but of proceedings in a case instituted in the year 1949 by Jackson E. Soden as plaintiff against Alice A. Soden, defendant, praying for a divorce and division of community property. To assist in distinguishing the two cases which must necessarily be discussed in this opinion the divorce case between Jackson E. Soden and Alice A. Soden will be referred to throughout this opinion as the "divorce case," and the present action will be referred to as the "foreclosure action."

In his amended complaint filed in the divorce case Jackson E. Soden alleged acts of cruelty by his wife, appellant herein, on which he relied for an adjudication of divorce; he also alleged ownership as separate property of certain properties alleged to have been acquired by him prior to marriage, and he alleged ownership by himself and appellant as community property of other properties acquired since the marriage. The prayer of his complaint was for a divorce; for finding and recognition by the court of the community and separate property of the parties, and for a division of community property between the parties.

To the amended complaint filed by Jackson E. Soden in the divorce case appellant filed a counterclaim. In her answer she denied the allegations of the complaint charging her with cruelty and prayed that her husband's prayer for divorce be denied. In her counterclaim she alleged acts of cruelty by her husband toward herself; she admitted acquisition and ownership by him of certain property prior to marriage and acquisition and ownership by him and herself of certain property since the marriage. She complained of an interest in what she alleged was their community property purported to have been granted by her husband

to the Village of New Meadows and to one Fred Childers, whom she joined in the suit as cross-defendants. In the prayer of her cross complaint she asked that her husband take nothing by his complaint and that his complaint be dismissed and "that all of the real property owned by the plaintiff and defendant be declared to be the community property of the plaintiff and defendant."

Then she prayed for permission to live separate and apart from her husband and for the use and control of the community property for her maintenance while thus living separate and apart.

By a decree rendered in the divorce action the trial judge denied the divorce prayed for by Jackson E. Soden, awarded to appellant the right to live separate and apart from her husband, directed Jackson E. Soden to pay to appellant the sum of $175 a month, subject to a credit "upon such amounts in the sum of $25.00 for each month he permits the defendant to occupy and use the dwelling house situate on the real property first hereinafter described, and an additional credit of $25.00 for each month plaintiff permits defendant to occupy and use all of the real property" in the county, and awarded appellant as security for payment of support and maintenance a lien "upon the interest of the plaintiff in the community property of the parties"; declared all of the property,

which is the subject of the present foreclosure action, to be the community property of the parties, against which community property the decree provided Jackson E. Soden "has a claim for $4,900.00 as his separate property, secured by a lien on said described real property".

The decree was entered August 9, 1951. No appeal was taken by either party.

After entry of decree and on December 19, 1951, Jackson E. Soden made an assignment of the lien granted to him by the court in the above-mentioned decree, to one Carl H. Swanstrom in payment of attorneys' fees owed by Jackson E. Soden to the said Swanstrom and to plaintiff herein. It is for the purpose of foreclosing the lien thus assigned that the present action was instituted.

To the complaint in the foreclosure action appellant filed an answer and a cross complaint in which she challenged the validity of that part of the decree in the separate-maintenance action which attempted to grant to Jackson E. Soden a lien in the sum of $4,900, and prayed that the purported lien be declared null and void.

The files in the former separate-maintenance action and a stipulation between counsel for the parties were considered sufficient by the trial court without formal trial as a basis for its decision. The court made its findings, conclusions and judgment

in favor of respondent, granting foreclosure of his claimed lien and ordering the property sold in satisfaction thereof.

It was stipulated that at the time of the separate-maintenance decree the community property upon which the decree purported to give the husband a lien "had a value much in excess of $4900.00." It was also stipulated that should the court find in favor of plaintiff, appellant should have 30 days from the date of such decision of the court within which to pay the incumbrance of $4,900 and that should she fail to make such payment, "within said period of thirty days * * * then the court shall make and enter its decree that there is no community interest left in said property and that the property hereinabove described is the property of the plaintiff herein and Carl H. Swanstrom, by virtue of said assignment, and that Alice G. Soden has no right, title or interest in and to the premises above described, nor any rights in the possession thereof."

The property involved appears to have been used by appellant since the granting of separate maintenance as a home and income from the business located thereon as means of maintenance or supplemental maintenance.

Assignments Nos. 1, 7, 8, 12 and 13 complain of the court's recognition of the lien of Jackson E. Soden as a prior or first lien and of the court's failure to recognize the rank of the lien granted appellant to secure her support and maintenance as first, or at least equal in priority rights.

Among findings made in the divorce case the trial court found that because of acquisition in an unimproved state and because of some investments and improvements made thereon prior to his marriage, plaintiff had acquired a separate interest which at the time of the divorce, had merged and become a part of the community interest of the parties in and to that particular real property, which has since become the subject of the foreclosure action.

Nevertheless, in the decree in the divorce case the court declared the property to be the community property of the parties and then directed that the payment of allowance for support and maintenance "be secured by a lien upon the interest of the plaintiff in the community property of the parties," thereby subjecting to the lien of appellant all of the interest of Jackson E. Soden in and to this particular community property without distinguishing between that part of such interest which might be separate and that part which might be community.

Such a provision is expressly sanctioned by law. Where a court requires a husband to provide support for a wife it must resort first, to the community property and then to the separate property of the

husband, and where the wife does not have sufficient separate estate and there is insufficient community property to provide for her support, the separate property of the husband may be applied thereto. I.C. §§ 32–707 and 32–708. This provision made in recognition of the legal obligation of a husband for the support of a wife may be enforced in an action for separate maintenance. Hiltbrand v. Hiltbrand, 68 Idaho 275, 193 P.2d 391.

And the court may in the exercise of its discretion in a separate-maintenance action require that security for support of the wife be given, and if it feels there is an absence of sufficient community property may provide such security by way of a lien on the husband's separate property. Jolliffe v. Jolliffe; 76 Idaho 95, 278 P.2d 200. See also Simonton v. Simonton, 33 Idaho 255, 193 P. 386; McDonald v. McDonald, 55 Idaho 102, 39 P.2d 293.

After having exercised its discretion in the manner noted by granting to the wife a lien upon what the court had declared to be the community property of the parties, though it had recognized in its findings a separate interest of the husband therein, and in granting the wife a lien had subjected that very interest to it, the court in the divorce case provided that Jackson E. Soden "has a claim for $4,900.00 as his separate property, secured by a lien on said described real property".

It is apparent that the two liens thus created are inconsistent. If the lien granted to Jackson E. Soden were given effect it would tend to remove and free from the lien granted the wife the very interest of the husband in the community property of the parties which had been expressly made subject to the wife's lien. Thereby the intent of the court in granting to the wife a lien for her support would be defeated. This action in which a foreclosure of such lien is sought very aptly so demonstrates because a foreclosure granted in this action would take from the wife, according to the stipulation between the parties entered in the foreclosure action, *all* the security which the court granted to her.

This is not a case in which two concurrent liens having equal rights were created against the same property by the same instrument. This is a case in which the two liens created were inconsistent and cannot stand together. Giving effect to the second lien in favor of the husband would destroy the first lien in favor of the wife, as this action demonstrates. It may not be assumed that a court in a separate-maintenance action, making provision for support of a wife, which must be the primary purpose of any decree in such an action, intends by a later provision to deprive the wife of the security awarded to her, thereby in effect invalidating its own decree.

■ Instead, the provisions of the decree itself demonstrate that the lien to the husband, Jackson E. Soden, if given any effect at all was intended to be and was a junior and an inferior lien to the lien given the wife. The lien to the wife had already subjected all of the husband's interest in the property to the provision for the wife's support. "It is well settled that, as a general rule, in the absence of statutory regulation to the contrary, a lien which is prior in time gives a prior claim * * *." 53 C.J.S. Liens § 10 b, p. 856. See 33 Am.Jur., Liens, § 33, p. 436. "Any difference of time, however slight, in favor of either lien gives it precedence." 33 Am. Jur., Liens, § 34, p. 437.

However, by assignments of error Nos. 2, 3, 4, 5 and 6 appellant contends the lien to Jackson E. Soden is not entitled to be given any effect or recognition, is invalid, and that that part of the decree in the divorce action which granted to Jackson E. Soden a lien is null and void. Since this contention is the same contention stressed by appellant in her answer filed in the foreclosure action and is the contention upon which she placed chief reliance in her application for a new trial, as well as by assignments in this appeal, we now turn to a consideration of these assignments, for if that part of the decree is void then its invalidity may be recognized by this court after the time for appeal has passed, regardless of the fact that no appeal was taken from the decree itself.

"A void judgment * * * may be entirely disregarded or declared inoperative by any tribunal in which effect is sought to be given to it. * * * It may be attacked by a person adversely affected by it, in any proceeding, direct or collateral, and at any time. * * *" 30A Am.Jur., Judgments, § 45.

■ A court does not have jurisdiction to grant relief beyond the issues tendered by the pleadings.

"It is, of course, fundamental that a judgment must be responsive, not only to the prayer, but to the issues tendered by the pleadings. This idea underlies all litigation. 15 R.C.L. 604; Burke Land & Livestock Co. v. Wells Fargo & Co., 7 Idaho 42, 60 P. 87; Dover Lumber Co. v. Case, 31 Idaho 276, 170 P. 108." Angel v. Mellen, 48 Idaho 750, 285 P. 461, 463.

■ This action, commenced by the husband to obtain a divorce from his wife, contained a request by him for an adjudication of the property rights between the parties, and appellant's answer, which denied the right to a divorce and sought separate maintenance, also contained a prayer for an adjudication of the property rights of the parties and for an award to her of all community property of the parties. The hus-

band's answer to her cross complaint denied the community character of certain property, claimed as such by the cross complaint, and alleged the husband's claim thereto as separate property. The answer contained no prayer for affirmative relief and no counterclaim or cross complaint was filed by the husband in response to the wife's action for separate maintenance. The court having found the husband without cause for, and having denied him a divorce, the jurisdiction of the court with respect to the property of the parties was limited to that invoked by the allegations of the cross complaint and the answer thereto.

 The court had only such jurisdiction of the property as was incident to its jurisdiction in a separate-maintenance action. The purpose of an action for separate maintenance and the court's function in such a case is, first, to determine whether the wife is in need of and legally entitled to separate maintenance; and secondly, if it is determined that an allowance should be made, to fix the amount and to secure payment thereof. In an action in which a prayer for divorce has been denied, but in which a cross complaint for separate maintenance is to be granted, courts do not have the authority even though they have jurisdiction over the subject matter and the parties, to make any decree relative to property rights other than is necessary to afford the maintenance and support requested by the wife in her cross complaint.

"* * * Appellant's action having been dismissed, the court was not authorized to make any decree relative to property rights based upon his complaint. * * * Respondent in her cross-complaint made no mention of property rights and asked no relief with reference thereto. We think the court was without jurisdiction to include in the decree a judgment in effect quieting her title to the property." Rogers v. Rogers, 35 Idaho 645, 208 P. 234, 235.

The cross complaint in the divorce case did not request any distribution or division of community property except as necessary to secure support and maintenance of the wife.

It is true that the cross complaint in this divorce case did request the court to take some judicial action with relation to the property of the parties. It requested that a purported conveyance of property by Jackson E. Soden to the Village of New Meadows be declared null and void; that a real estate sales agreement between Jackson E. Soden and one Fred Childers be declared null and void, and that all of the real property owned by the said Jackson E. Soden and his wife be declared to be the community property of the parties. But it should be noted that if the court saw fit to grant the prayer of appellant's cross complaint in the divorce case in all these

particulars it would be required to do nothing more than to recognize and declare property rights that already existed. It did not ask the court to create property rights nor did it request division or distribution of community property. It simply asked the court to declare that all of the property of the parties was community. If the court were empowered to declare all the property to be community property of the parties upon finding such to be a fact, then it must follow that under the pleadings the court could have declared some of the property to be separate property of either party, if it found such to be a fact. In the case of Kimble v. Kimble, 17 Wash. 75, 49 P. 216, cited with approval in Radermacher v. Radermacher, 59 Idaho 716, 87 P.2d 461, the right of a superior court in an action for separate maintenance to determine the status of the property; that is, to ascertain what property was community and what was separate, was upheld. See also Walker v. Manson, 49 Idaho 468, 289 P. 86.

If fault must be found with the decree rendered in the divorce case it is not with the recognition by the court that the husband had a separate interest merged in the community property of the parties; fault must be found, if at all, with its *creation* of a property right in the husband in the nature of a lien, because such creation of a property right was not within the issues raised by the cross complaint and the answer thereto. Granting a lien in the separate maintenance decree amounted to more than recognition by the court of a property right that existed in the husband, it amounted to creation by the court of a property right in the husband different from and greater than the right that had previously existed, and this the court had not the authority to do. A court which has denied a divorce is powerless in granting separate maintenance to so act with regard to property rights. Bell v. Bell, 15 Idaho 7, 96 P. 196.

In the case of Radermacher v. Radermacher, supra, the power of the court in separate-maintenance actions was limited as follows:

" * * * while separate maintenance may be granted in this state * * *, we do not have a statute such as Section 137 Civil Code of California * * *, and in the absence of such statute only a protected and assured award for the maintenance, care and support of the wife * * * may be made, and neither a division nor transfer of the property, because the marital relationship continues." 59 Idaho at page 720, 87 P.2d at page 463.

**284**

See also Decker v. Decker, 56 Mont. 338, 185 P. 168; Durham v. Durham, 104 Ohio St. 7, 135 N.E. 280; Anderson v. Anderson, 140 Okl. 168, 282 P. 335, 74 A.L.R. 1231.

That the granting of a lien to the husband together with the foreclosure right incident thereto against the community property of the parties could amount to a distribution of the community property to the husband is very well demonstrated by the foreclosure action with which we are here concerned.

If the requested decree in foreclosure were allowed it would have the effect of permitting acquisition under the husband's lien not only of his separate interest but of *all* the community property of the parties and a distribution to the husband of the community property of the parties would have been accomplished by granting a lien and by the exercise of rights incident thereto. Certainly such a result is not required in sustaining the prayer for separate maintenance; in fact such a result goes far toward nullifying a separate-maintenance decree.

■ The general rule relative to distribution of property in a separate-maintenance action is stated as follows:

"In the absence of statutory authority, the court in a separate maintenance proceeding generally is without power to adjudicate the respective property rights of the parties." 42 C.J.S. Husband and Wife § 625 f (1), p. 263.

Appropriate to the decision in this case it was stated in Cohn v. Cohn, 4 Wash.2d 322, 103 P.2d 366, at page 368:

"The very nature of the property acquired during coverture * * * clearly indicates that community and individual property must retain its status and remain intact until such time as the marital relation shall cease to exist or the parties, themselves, voluntarily enter into proper agreement for the allocation of their properties, community or separate, upon some other basis."

■ Granted that a court has jurisdiction of the parties and subject matter of an action, its judgment may nevertheless be void if it does not have jurisdiction to render the particular relief which the judgment undertakes to grant. Maloney v. Zipf, 41 Idaho 30, 237 P. 632; Baldwin v. Anderson, 51 Idaho 614, 8 P.2d 461; Curtis v. Siebrand Bros. Circus & Carnival Co., 68 Idaho 285, 194 P.2d 281.

The action of the court in granting a lien to the husband and against the community property of the parties was in excess of its authority and void.

"Judgments may be entered in cases where the court has undoubted jurisdiction over the subject-matter, and of the parties, yet nevertheless may be void because the court decided some question which it had no power to decide, or granted some relief which it had no power to grant. If a court grants relief which under no circumstances it has any authority to grant, its judgment is to that extent void, * * *. (* * * Gile v. Wood, 32 Idaho 752, 188 P. 36; Bridges v. Clay County Supervisors, 57 Miss. 252; Seamster v. Blackstock, 83 Va. 232, 2 S.E. 36, 5 Am.St.Rep. 262; * * *)" Wright v. Atwood, 33 Idaho 455, at page 461, 195 P. 625, at page 627.

Having thus decided the assignments noted, it becomes unnecessary to consider other assignments of appellant.

The order denying a new trial is reversed and the cause is remanded with instructions to vacate the judgment, grant a new trial and thereupon to dismiss the action.

Costs to appellant.

TAYLOR and KNUDSON, JJ., and MARTIN and BELLWOOD, District Judges, concur.