426 P.2d 213

Alice A. SODEN, Plaintiff-Appellant,

v.

Thomas B. CARR, Village of New Meadows, and the State of Idaho, Defendants-Respondents.

No. 9870.

Supreme Court of Idaho.

April 10, 1967.

Langroise, Clark & Sullivan, Boise, for appellant.

Richards, Haga & Eberle, Boise, for respondent Carr.

Carl H. Swanstrom, Council, for respondent Village of New Meadows.

Allan G. Shepard, Atty. Gen., and M. Allyn Dingel, Jr., Deputy Atty. Gen., Boise, for respondent State.

TAYLOR, Chief Justice.

Plaintiff (appellant) was married to Jackson E. Soden in 1939. The marriage continued until the death of Jackson E. Soden, April · 19, 1960. Plaintiff commenced this action April 17, 1963, to obtain an adjudication that certain real property was community property belonging to herself and Jackson E. Soden during the marriage and that she had become the sole owner thereof as the surviving member of the community. The property consisted of three forty-acre tracts, less a portion of one of such tracts which lay within the townsite of New Meadows, all in Twp. 19 N., Rge. 1 E., B.M. in Adams County. In her complaint plaintiff alleges that Jackson E. Soden acquired all of such real property, other than excepted tracts (A) and (C), prior to the marriage. Tract (A) was a parcel of land lying in the NE¼ NW¼ of Section 24, containing approximately five acres. Tract (C) was a parcel lying within the same section and containing .48 of an acre.

The parties have agreed that the title to tract (A) is not in issue on this appeal.

Tract (B) was a strip of land running diagonally across two of the forty-acre tracts. Almost all of tract (C) was included within the boundaries of tract (B).

The community interest now asserted by plaintiff was alleged to have arisen out of an expenditure of community funds on the purchase price and in improvements on the property acquired by the husband before the marriage.

November 4, 1946, Jackson E. Soden, treating the land as his separate property, conveyed tracts (B) and (C) to the defendant Village of New Meadows, for use as an aircraft runway. Plaintiff (wife) did not join in the conveyance.

June 18, 1951, Jackson E. Soden conveyed all of the property described in the complaint, except tracts (A), (B), and (C), to defendant Carr. Plaintiff did not join in that conveyance.

· August 26, 1948, Jackson E. Soden commenced an action against the plaintiff for a divorce. That action is hereinafter referred to as Civil No. 1241. In his amended complaint in addition to the grounds for divorce, Mr. Soden alleged that the land here involved was his separate property. Mrs. Soden, plaintiff herein, answered denying the allegations of grounds for divorce; denied that the land involved was the separate property of Jackson E. Soden; admitted that Soden had acquired the land prior to marriage; and alleged that by reason of expenditure of community funds · in payment of debts incurred by Soden in improving the property and by the expenditure of work and labor by herself and her husband, and the expenditure of community funds during the marriage, in the improvement of the property, the community had acquired an interest in the property which had become so commingled with the separate interest of Jackson E. Soden, that the property had all become community property. In that action plaintiff prayed that divorce be denied; that the property be decreed to be the community property of plaintiff and her husband, and that the husband's warranty deed purported to convey tracts (B) and (C) to the Village of New Meadows be declared null and void on the ground that she did not join therein; that Mr. Soden be enjoined and restrained from encumbering or disposing of any of the property; and that all of the community real property be "allowed and set apart to the

defendant for her use, management, control and support."

By its decree in the divorce action, filed August 10, 1951, the court denied a divorce to Soden and gave the plaintiff herein a decree for separate maintenance. The court found that the evidence was insufficient to establish the amount of community funds invested in the deceased's separate property or the value of any community work and labor expended in the improvement thereof. The court found and decreed that the property here involved, except as to tract (C), was the separate property of deceased Soden; that tract (C) was community property of the parties, and that decedent's purported conveyance thereof to the village was void. The decree gave the deceased a lien upon the land determined to be community property to secure repayment to his separate estate of the amount ($4900) of his separate property invested therein. The decree also fixed the amount of the allowance to be paid by the husband for the separate maintenance of the wife, and gave her a lien upon the community property to secure the payment thereof.

The deceased, Mr. Soden, executed and delivered a subsequent conveyance of tract (B) to the Village of New Meadows, and the village subsequently acquired title to tract (C) by condemnation (Civil No. 1305) and later conveyed that tract to the State of Idaho.

No appeal was taken from the judgment in Civil No. 1241. However, Mrs. Soden, the plaintiff here, refused to accept the findings and judgment of the court in that case, and remained in possession of the land conveyed to defendant Carr. Thereupon, Carr commenced an action (Civil No. 1307) against plaintiff herein to quiet his title and recover possession of the property. By her answer in Civil No. 1307 the plaintiff herein reasserted that the land was community property, basing her claim upon the same facts which she had alleged in Civil No. 1241, and contended that the deed from Soden to Carr was void because of her failure to join therein. The court, in Civil No. 1307, found that the issues had been determined against plaintiff in Civil No. 1241 and quieted title in defendant Carr on the ground of res judicata. Plaintiff herein did not appeal from that judgment.

April 17, 1963, after the death of her husband, plaintiff Mrs. Soden commenced this action claiming title to the property as the survivor of the community of herself and Jackson E. Soden. Defendants' motions for summary judgment were heard and granted by the trial court and judgment was entered against plaintiff on the ground that the issues herein were adjudicated in Civil No. 1241, Civil No. 1305, and in Civil No. 1307.

On this appeal plaintiff contends that the earlier decisions were not res judicata because: (1) the court in Civil No. 1241, in holding the property to be the separate property of Mr. Soden effected a "division" of the community property, since it was admitted that community effort and funds had been invested therein, and the court lacked jurisdiction or authority to divide community property in a separate maintenance decree; (2) the husband did not ask for a "division" of the community property and the court had no jurisdiction or authority to grant relief which was not prayed for; (3) the jurisdiction and authority of the court in the separate maintenance action was limited to a determination of the nature of the property, for the sole purpose of fixing and securing the award of separate maintenance, and the court had no jurisdiction or authority to, in effect, quiet title in the husband; (4) plaintiff was not bound by the judgment in Civil No. 1307 because her husband was not joined as a defendant in that action; and (5) the judgment in Civil No. 1307 was not binding on the plaintiff because it was founded upon the erroneous premise that the issues were determined against the plaintiff in Civil No. 1241, and the judgment in Civil No. 1241, being void for lack of jurisdiction, the judgment in Civil No. 1307 based thereon was likewise void.

Martin v. Soden, 81 Idaho 274, 340 P.2d 848 (1959), was an action brought by an assignee of decedent Jackson E. Soden to foreclose the lien upon community real property given to Jackson E. Soden to secure the repayment to him of his separate interest in community property by the decree in Civil No. 1241. Upon Mrs. Soden's appeal in that case we held that the trial court, in the divorce action, after denying the divorce to Mr. Soden, had jurisdiction and authority, in the cross-action presented by Mrs. Soden for separate maintenance, to determine the character of the property and to give her a lien upon the community property to secure her separate maintenance. Radermacher v. Radermacher, 59 Idaho 716, 87 P.2d 461 (1938); Walker v. Manson, 49 Idaho 468, 289 P. 86 (1930). By her cross-complaint in that action plaintiff had claimed that all of the property involved herein was community property and prayed it be set over to her for her separate maintenance. In her answer she had denied the husband's allegations that the land herein involved was his separate property. Thus, she presented the issue as to the character of the property to the court for its determination.

In Civil No. 1241, the issue as to whether the community had acquired an interest in Mr. Soden's separate property by the expenditure of community funds and community labor thereon, and the issue as to whether that interest had become so commingled with the separate estate of Mr. Soden as to make the whole thereof community property, were issues which the court had jurisdiction and authority to determine; hence, its findings and conclusions thereon were reviewable only on appeal. No appeal having been taken, those issues were finally and conclusively determined by the judgment. Cf. Wayne v. Alspach, 20 Idaho 144, 116 P. 1033 (1911); Richardson v. Ruddy, 15 Idaho 488, 98 P. 842 (1908); 21 C.J.S. Courts § 35. That judgment did not effect a "division" of community property. It was a determination that the community had no interest in the property. This was true as to all of the property except tract (C) which the court found to be community property, in which the husband had a separate interest.

What we have said also applies to plaintiff's second contention, supra. The husband did not ask for "division" of the property here involved and no division was made by the court.

As to plaintiff's third contention, the judgment went no further than to declare the character of the property in response to the issues raised by the pleadings, and to the extent necessary to provide and secure the separate maintenance granted.

Plaintiff's contention No. 4 is not sustained by the record. The deceased husband was not a necessary party to the quiet title action, Civil No. 1307. The property had been finally and conclusively determined to be his separate property, as against the claim of plaintiff, and the husband had conveyed the property to the Carrs, plaintiffs in that action. As we have indicated, it was sufficient to base the decision in Civil No. 1307 upon the findings, conclusions and judgment in Civil No. 1241, as opposed to plaintiff's contention No. 5. Both actions involve the same property. Plaintiff's claim that it belonged to the community, or that the community had any interest in it, was conclusively determined against her in Civil No. 1241.

Judgment affirmed. Costs to respondents.

McFADDEN and SPEAR, JJ., and MARTIN and TOWLES, D. JJ., concur.