J. JONES, Justice Pro Tem.
This is a total and permanent disability case where Gary Davis (“Claimant”), Ham-mack Management, Inc. (“Employer”), the Idaho State Insurance Fund (“Surety”), and the Idaho Industrial Special Indemnity Fund (“ISIF”) entered into a compensation agreement (“Stipulation”). The parties agreed that Claimant became totally and permanently disabled based on the combined effects of his preexisting impairments and a workplace injury that occurred in 2004. The Stipulation outlined each party’s financial obligations to Claimant, including a credit to Employer for permanent partial impairment benefits previously paid. The Idaho Industrial Commission (“Commission”) approved the Stipulation. Subsequently, this Court issued its decision in Corgatelli v. Steel West, Inc., 167 Idaho 287, 336 P.3d 1160 (2014), prohibiting such a credit. Claimant then sought a declaratory ruling that the credit in the Stipulation was void. The Commission issued an order stating that the Stipulation was binding as written and subsequently denied Claimant’s motion for reconsideration. Claimant appealed to this Court.
I.
FACTUAL AND PROCEDURAL BACKGROUND
Claimant suffered a workplace injury in 2004 in an accident that arose out of and in the course of his employment for Employer. Claimant filed a complaint against Employer, Surety, and ISIF. Between the date of the injury and the date when the parties stipulated that Claimant was totally and permanently disabled, Claimant underwent seven spine surgeries that resulted in fourteen levels of his cervical, thoracic, and lumbar spine being fused with hardware through internal fixation.
Claimant, Employer, Surety, and ISIF later entered into negotiations regarding compensation and reached the agreement contained in the Stipulation. They agreed that *793 Claimant was totally and permanently disabled as of October 1, 2013 (“MMI date”). Before that time, Claimant was characterized as temporarily disabled, and all parties agreed that he had been paid all benefits due through the MMI date. The parties agreed that Claimant had a preexisting 32% whole person permanent partial impairment (“PPI”) before the injury and an additional 27% whole person PPI due to the 2004 injury. Employer accepted responsibility for paying 250 weeks of total and permanent disability income benefits commencing as of Claimant’s MMI date. Surety agreed to pay those benefits “in the amount of 55% of the average weekly state wage for 2004, the year of the industrial injury, namely, $293.70 per week, subject to the credit” at issue here. The Stipulation continued:
Beginning on October 1, 2013, Claimant is entitled to be paid total and permanent disability benefits at 45% of the then prevailing average weekly state wage pursuant to Idaho Code Sections 72-408 and 72-409. Therefore, the total and permanent disability benefit rate for claimant for 2013 is $303.30 per week, and for 2014 is $307.80 per week. The difference between Surety’s obligation of $293.70 per week and Claimant’s benefit rate of 45% of the prevailing average state weekly wage shall be paid by the ISIF. Therefore, for the period of October 1, 2013 through December 31, 2013, the ISIF will pay to Claimant the sum of $9.60 per week. For the calendar year 2014, ISIF shall be obligated to pay to Claimant the differential amount of $14.10 per week. At the expiration of said 250 week period, subject to the credit discussed in paragraph 12, below, the ISIF will pay Claimant his full statutory income benefits, said amount being 45% of the then prevailing average state weekly wage, until Claimant’s death.
The credit agreed on by the parties in paragraph 12 was described as follows:
Surety has accepted aggregate permanent physical impairment ratings amounting to 27% whole person impairment for the industrial injury and paid the benefits associated with such ratings. In addition, Surety has paid Claimant benefits corresponding to 5% whole person as an advance against permanent disability. These benefits, combined, amount to a total of 160 weeks. The amount paid by Surety to Claimant for the 160 weeks based on the combined total of the 27% whole person PPI and 5% advance against permanent disability, amounts to $46,992. Notwithstanding any other provision herein, Surety is entitled to a credit of 160 weeks, or $46,992, against its obligation to pay 250 weeks of total and permanent disability benefits to Claimant beginning October 1, 2013, leaving a total of 90 weeks of benefits to be paid by Surety.
The 160 weeks are broken down into two sections: (1) 135 weeks for the 27% whole person PPI equaling $39,649.50 (“PPI credit”) and (2) a credit of 25 weeks based on the 5% disability in excess of impairment benefits that Employer had paid on a voluntary basis, equaling $7,342.50. Claimant only disputes the PPI credit of $39,649.50, conceding that Employer is entitled to the credit for the 26 weeks.
On June 26, 2014, the Commission approved the Stipulation and dismissed the complaint with prejudice. On August 25, 2014, this Court issued its opinion in Corga-telli, which invalidated credits to employers for previously paid PPI benefits. Claimant wrote to Employer, requesting that Employer pay the PPI credit or stipulate to amend the Stipulation to eliminate the PPI credit. Employer refused and stated that it would stop paying Claimant after 90 weeks. Claimant wrote to ISIF and asked that the 45% benefit be paid beginning on week 90, as he believed the credit should accelerate the start date of ISIF’s full payment obligation of 45% of the average weekly state wage from week 250 to week 90. ISIF disagreed and refused to confirm that it would begin paying Claimant his full statutory benefits 90 weeks after the stipulated MMI date. It further stated that it would begin paying Claimant on week 250.
Claimant then filed a petition for declaratory ruling with the Commission under its Judicial Rules of Practice and Procedure (“JRP”), requesting the Industrial Commission to interpret the Stipulation and declare the PPI credit granted to Employer void. Employer and Surety filed their objection *794 and response to Claimant’s petition for declaratory ruling. ISIF filed a limited appearance to challenge subject matter jurisdiction and service of process. The Commission considered and entered an order on the petition for declaratory ruling, but denied the substantive relief request by Claimant. Claimant filed a motion for reconsideration, which the Commission denied. Claimant filed a timely appeal and ISIF cross-appealed.
II.
ISSUES ON APPEAL
1. Whether the Commission had subject matter jurisdiction over the petition for declaratory ruling.
2. Whether the Commission erred in failing to invalidate the PPI credit.
3. Whether any party is entitled to attorney fees.
III.
STANDARD OF REVIEW
“When this Court reviews a decision from the Industrial Commission, it exercises free review over questions of law but reviews questions of fact only to determine whether substantial and competent evidence supports the Commission’s findings.” Vawter v. United Panel Serv., Inc., 155 Idaho 903, 906-07, 318 P.3d 893, 896-97 (2014).
Upon hearing the Court may affirm or set aside such order or award, or may set it aside only upon any of the following grounds: (1) The commission’s findings of fact are not based on any substantial competent evidence; (2) The commission has acted without jurisdiction or in excess of its powers; (3) The findings of fact, order or award were procured by fraud; (4) The findings of fact do not as a matter of law support the order or award.
I.C. § 72-732.
IV.
ANALYSIS
A. The Commission had subject matter jurisdiction to decide the Petition for a Declaratory Ruling.
On cross-appeal, ISIF argued that the jurisdiction of the Commission is limited and, as such, it did not have subject matter jurisdiction over the petition for declaratory ruling. In support, ISIF quotes Curr v. Curr, 124 Idaho 686, 691, 864 P.2d 132, 137 (1993): “As a creature of legislative invention, the Commission may only act pursuant to an enumerated power, whether it be directly statutory or based upon rules and regulations properly issued by the Commission under I.C. § 72-508.” ISIF contends that there is no statute granting the Commission the enumerated power to hear the petition for declaratory ruling. ISIF also argues that JRP 15 does not create jurisdiction and, as a result, that the Commission lacked subject matter jurisdiction to consider the petition for declaratory ruling. ISIF alternatively argues that the Court should determine the Industrial Commission erred in proceeding to consider the merits under JRP 15.
Claimant correctly points to this Court’s decision in Williams v. Blue Cross of Idaho, 151 Idaho 515, 260 P.3d 1186 (2011), where we held that the Commission had subject matter jurisdiction to entertain and decide a petition for declaratory relief to clarify a claimant’s rights under a lump sum settlement agreement that had previously been approved by the Commission. Id. at 518, 260 P.3d at 1189. According to Claimant, his petition for declaratory ruling on the Stipulation presents an almost identical situation.
The Commission considered and acted upon the Claimant’s petition for declaratory relief, determining that the petition complied with the requirements of JRP 15(c). That rule provides:
Whenever any person has an actual controversy over the construction, validity or applicability of a statute, rule, or order, that person may file a written petition with the Commission, subject to the following requirements:
1. The petitioner must expressly seek a declaratory ruling and must identify the statute, rule, or order on which a ruling is requested and state the issue or issues to be decided;
2. The petitioner must allege that an actual controversy exists over the con *795 struction, validity or applicability of the statute, rule, or order and must state with specificity the nature of the controversy;
3. The petitioner must have an interest which is directly affected by the statute, rule, or order in which a ruling is requested and must plainly state that interest in the petition; and
4. The petition shall be accompanied by a memorandum setting forth all relevant facts and law in support thereof.
The petition’s compliance with the requirements of JRP 15 does not answer the question of whether the Commission had jurisdiction to entertain and decide this particular petition. Idaho Code section 72-707 provides: “All questions arising under this law, if not settled by agreement or stipulation of the interested parties with approval of the commission, except as otherwise herein provided, shall be determined by the commission.” Claimant contends that, although the parties stipulated to a compensation agreement, the Stipulation is void because a critical part, the PPI credit, was determined in Corgatelli to be unauthorized by the worker’s compensation law and beyond the jurisdiction of the Commission. He points to Idaho Code section 72-711, which provides that “[a]n agreement shall be approved by the commission only when the terms conform to the provisions of this law.” If the Commission exceeded its statutory jurisdiction in approving the PPI credit, the order approving the Stipulation cannot be considered final and unassailable.[1] It seems rather elementary that the Commission had the authority under Sections 72-707 and 72-711 to consider and decide the issues raised in the petition. Our holding in Williams is dispositive on this issue—the Commission has jurisdiction to decide the rights of parties under an agreement previously approved by order of the Commission.
B. The PPI credit is invalid and the Commission’s order approving the Stipulation is void.
The main thrust of Claimant’s argument is that the provision in the Stipulation granting Employer credit for previously paid PPI benefits was invalid under this Court’s decision in Corgatelli, that the Corgatelli decision applies here, that the Commission therefore erred in approving the Stipulation, and that the PPI credit should either be invalidated or the Stipulation voided. In Cor-gatelli, the Court observed: “Examining worker’s compensation law as a whole ... this Court finds that there is no statutory basis for the Commission to award [the employer] a credit for permanent physical impairment benefits previously paid to Corga-telli.” Id. at 292, 335 P.3d at 1155. Claimant contends that the Commission erred as a matter of law in failing to apply Corgatelli to invalidate the credit.
The issue in this case boils down to whether an action by the Industrial Commission that is not within its statutory authority or jurisdiction can stand. If we were to allow the Commission to take action that is not encompassed within its statutory jurisdiction, that would permit it to do what we cannot ourselves do. In Corgatelli, we stated that “[a]s a purely statutory scheme, the Court cannot judicially construct a credit for employers into worker’s compensation law.” Id. at 292, 335 P.3d at 1155. We held that no provision of the worker’s compensation law provides for such a credit. Id.
In Wernecke v. St. Maries Sch. Dist., 147 Idaho 277, 207 P.3d 1008 (2009), this Court held a lump sum settlement agreement to be void where the Commission had approved the agreement without making findings required by Idaho Code section 72-332. We said that “[without such findings, the Commission lacked statutory authority to approve the Agreement and its order purporting to do so is void.” Id. at 286, 207 P.3d at 1017. Al *796 though the Wemecke case differs from the present one in a number of respects, what is not different is the fact that in both-cases, the Commission took action that lacked a statutory basis.
ISIF contends that the Commission’s order approving the Stipulation became final well before Davis filed his petition and, therefore, Davis is prohibited from collaterally attacking the order. This argument lings a bell since it was raised and addressed in Wemecke, where this Court responded:
Although ISIF asserts that Wemecke is attempting an impermissible collateral attack of [sic] the Commission’s order approving the Agreement, we disagree because we And the order to be void. A void judgment can be attacked at any time. Burns v. Baldwin, 138 Idaho 480, 486, 65 P.3d 502, 508 (2003). “A void judgment ... may be entirely disregarded or declared inoperative by any tribunal in which effect is sought to be given to it.... It may be attacked by a person adversely affected by it, in any proceeding, direct or collateral, and at any time.” Martin v. Soden, 81 Idaho 274, 281, 340 P.2d 848, 852 (1959) (quoting 30A Am.Jur. Judgments § 45). A judgment is void if there is some jurisdictional defect in the court’s authority to enter the judgment, either because the court lacks personal jurisdiction or because it lacks jurisdiction over the subject matter of the suit. Hartman v. United Heritage Prop. & Cas. Co., 141 Idaho 193, 197, 108 P.3d 340, 344 (2005); see also Andre v. Morrow, 106 Idaho 455, 459, 680 P.2d 1355, 1359 (1984) (“[A] judgment by a tribunal without authority, or which exceeds or lies beyond its authority, is necessarily void, and may be shown to be so in collateral proceedings, even though it be a court of general jurisdiction, because no authority derived from the law can transcend the source from whence it came.”) (quoting Wright v. Atwood, 33 Idaho 455, 462, 195 P. 625, 627 (1921)). An administrative agency is limited to the power and authority granted it by the legislature. Welch v. Del Monte Corp., 128 Idaho 513, 514, 915 P.2d 1371, 1372 (1996). Orders by an administrative agency which authorize something prohibited by the statute are not merely erroneous, but are void. C.J.S. Public Administrative Law & Procedure § 122. Therefore, because we determine that the Agreement approved by the Commission violated the Act, and the Commission is not authorized to approve agreements that violate the Act, the Commission acted outside its statutory authority and the Agreement is void and subject to collateral attack.
Id. at 286-87, n.10, 207 P.3d at 1017-18, n.10.
In this case, the Commission approved the Stipulation in violation of the provisions of Idaho Code section 72-318, which provides in pertinent part:
(1) No ... contract, rule, regulation or device whatever designed to relieve the employer in whole or in part from any liability created by this law, shall be valid.
(2) No agreement by any employee to waive his rights to compensation under this act shall be valid.
The credit disallowed in Corgatelli and the credit here both deprive an injured worker of benefits provided under the worker’s compensation law. Because the Commission approved the Stipulation without statutory jurisdiction, depriving Claimant benefits to which he was entitled under the law, the Commission’s order is void. We therefore reverse. Because of this holding, we need not address the other issues raised by the parties.
y.
ATTORNEY FEES
Because the Court has addressed and decided an issue of first impression, we decline to award attorneys to any party.
VI.
CONCLUSION
The Court affirms the Industrial Commission’s holding that it had subject matter jurisdiction over the Claimant’s petition for declaratory ruling but we reverse its order upholding the Stipulation and its PPI credit. *797 Costs, but no attorney fees, are awarded to Claimant.
Chief Justice BURDICK and Justice W. JONES concur.

. This Court has held that "the issue of whether a court has exceeded its jurisdiction is always open to collateral attack in Idaho.” Andre v. Morrow, 106 Idaho 455, 459, 680 P.2d 1355, 1359 (1984). This is particularly so in the case of the Industrial Commission, which, unlike a court, does not have inherent judicial power. Where the Commission's jurisdiction is limited to the parameters specifically set out by the Legislature, it may not take action unauthorized by statute. In this context, the Court ruled in Corga-telli that no statutory authority exists for either the Commission or this Court to grant a PPI credit for benefits previously paid.